109 So.2d 881 (1959)
STATE of Florida ex rel. The FLORIDA BAR, Complainant,
v.
Evan T. EVANS, Respondent.
Supreme Court of Florida.
March 20, 1959.
Delbridge L. Gibbs and John S. Duss, III, Jacksonville, for the Florida Bar.
Neal D. Evans, Jr., Jacksonville, for respondent.
PER CURIAM.
Evans T. Evans, a member of the Bar of this State, was suspended from the practice of law for a period of two years, 94 So.2d 730. The judgment entered by this Court was "It is ordered that the respondent be and he is hereby suspended from the practice of law for two years from the date of this order." The order was dated February 6, 1957.
There has now been filed in this Court by the said Evan T. Evans a petition for reinstatement after suspension. In the petition it is prayed that the Chief Justice fix the date for hearing of his petition; that notice thereof be given the Board of Governors of the Florida Bar and that upon hearing of the petition and any reply thereto or recommendations as to the disposal thereof by the Board of Governors, this Court enter its order reinstating respondent-petitioner to the practice of law.
*882 Article XI of the Integration Rule, 31 F.S.A., governs reinstatements of those who may have been at any time heretofore suspended or disbarred in this State. Reinstatement proceedings are governed by the rule in effect at the time application for reinstatement is made. While the rule provides for reinstatement of those who have been suspended or disbarred, it must be construed, so far as suspensions are concerned, to relate to reinstatement before the expiration of the term of the suspension. One suspended surely should have the same right to reinstatement as one disbarred. This is the situation the rule is designed to cover, not to compel such a petition after the expiration of the term of suspension. Where the order suspending fixes a definite period of suspension, without more, and that period expires, the suspended attorney automatically resumes the right to practice his profession in the courts of this State. A careful analysis of Article XI can lead to no other conclusion. Suspension debars one from the privilege to practice during the period of suspension. Disbarment expels one from the Bar and deprives him indefinitely of his privilege to practice his profession.
"Generally, as regards the effect of disbarment the authorities are uniform that it deprives the party disbarred of every privilege to which his license had entitled him, but suspension operates simply to deprive an attorney temporarily of the right to practice his profession and does not oust him from his office."
See 7 C.J.S. Attorney and Client § 40, p. 813. See also State ex rel. McAllister v. Sanderson, 280 Mo. 258, 217 S.W. 60, holding that at the expiration of the period of suspension the suspended attorney is entitled to resume the practice of law.
While these authorities are not binding on us in the interpretation of our own rules, they are indicative of the view of other courts who have dealt with the same subject.
Having reached the conclusion that the petitioner was entitled to resume the practice of law on February 6, 1959, the date his period of suspension terminated, it is unnecessary to take further action on the petition.
TERRELL, C.J., and THOMAS, HOBSON, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.