CALDWELL, Justice.
The judgment of the Board of Governors of the Florida Bar entered July 19, 1962, in this disciplinary proceeding and filed in this Court July 25, 1962, with the the record and evidence and proceedings had thereto came on to be reviewed by this Court.
The report of the Board of Governors ■finds that respondent Edwin L. Davis, is a member of the Florida Bar and subject to the disciplinary proceedings of Article XI, Integration Rule of the Florida Bar as .adopted by the Supreme Court of Florida, 31 F.S.A.
Pursuant to the complaint filed November 30, 1961, respondent was charged with violation of Canons 11 and 29 of the Canons ■of Professional Ethics, Article XI, Paragraph 2 of the Integration .Rule of the Florida Bar; Rules 1, 27, 28 and 30 of the Additional Rules concerning the conduct ■of attorneys in Florida, 31 F.S.A. and Florida Statute § 832.05, F.S.A.
Although respondent received notice of final hearing he did not appear before the referee in person or by counsel.
The Board of Governors of the Florida Bar concurred in the findings of guilt by the referee and found that respondent had violated Article XI, Paragraph 2 of the Integration Rule of the Florida Bar, Canons 11 and 29 of the Canons of Professional Ethics, Rules 1, 27, 28 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida. The Board of Governors of the Florida Bar did not concur in the recommendation of the referee that respondent be disbarred, but ordered that respondent be suspended from the practice of law in Florida for a period of one year and remain suspended thereafter until he demonstrated to the Supreme Court of Florida and to the Board of Governors of the Florida Bar that he is fully rehabilitated and eligible for reinstatement pursuant to the rules of the Court, until he can show that full restitution has been made to his clients and until he pays the actual cost of the proceedings in the amount of $104.60.
More than 30 days having now elapsed since the filing with the Clerk of this Court of the judgment of the Board of Governors of the Florida Bar, together with the record of the proceedings, and no petition for review of such judgment having been filed, this Court, having duly considered the record in this cause, thereupon orders that the judgment of the Board of Governors of the Florida Bar, dated July 19, 1962, that respondent be suspended from the practice of law in Florida for a period of one year and remain suspended thereafter until he demonstrates to this Court and to the Board of Governors of the Florida Bar that he is fully rehabilitated and eligible for reinstatement pursuant to the rules of this Court, shows that full restitution has been made to his clients and pays the actual cost of the proceedings in the amount of $104.60, be approved and the said respondent is hereby suspended from the practice of law in this State under the terms and conditions set out above.
ROBERTS, C. J., and TERRELL, THOMAS and THORNAL, JJ., concur.