ON REHEARING GRANTED
DREW, Justice.
Upon rehearing granted and upon further consideration of this cause, the per curiam decision of this Court filed March 2, 1966, denying certiorari, is receded from and vacated, and the following opinion is adopted in lieu thereof.
The order of the Commission controverted by the petition for certiorari is one remanding the cause to the deputy for apportionment of the award between current and pre-existing disease and injuries, but otherwise affirming the award for disability attributable to an acute myocardial infarction and hypertension. Petitioner, the employer, has contended before the commission and here that the deputy erred in finding the cardiac disability to be caused by, or the “direct and natural result” of, a com-pensable back injury suffered by claimant while in petitioner’s employ.
The claimant, a forty-two year old laborer with long-standing medical history of hypertension, cardiac abnormality and related ills, had suffered a compensable back injury in another employment about two years previously. Claimant ultimately refused further surgery and settlement was effected on the basis of approximately fifty per cent permanent partial disability. On his first job after this two-year period of disability he showed a stable work record for the six weeks he had worked before the new injury. The work involved heavy labor, but claimant testified he did not have pain or find it necessary to wear the supporting brace or corset which he had been furnished at the time of the earlier injury.
*325 On the day of the injury involved in this claim, May 27, 1963, claimant suffered sudden back pain in the course of lifting and unloading operations at work. He was furnished medical attention by his employer hut continued working several days until the job was finished and further work was not available. In the following two weeks he made several more visits to the orthopedic physician to whom he had been sent for continuing therapy.
On June 17, claimant was picked up on a city street in a comatose condition and admitted to the neurological service of a hospital. The record before us relative to the period of hospitalization contains only hospital records of various diagnostic procedures, including abnormal cardiogram and discharge notation of myocardial infarction, indeterminate age, probably recent, etiology unknown. The orthopedic physician originally furnished by the compensation carrier did not resume treatment of claimant until he returned for an office visit after discharge from the hospital.
The medical witnesses are in direct conflict on the point of causative connection between the current back injury and the cardiac ailment. There is on one hand the testimony, including that of the doctor who had occasion to diagnose claimant’s cardiac condition in years prior to 1963, finding old and new cardiograms to be the same and attributing the later attack or disability only to progressive disease. The deputy’s finding for claimant rests solely on medical reports based on examination of claimant approximately six months and one year after his hospitalization, and on analysis of the hospital records and medical history taken from the patient. This testimony, in summary, is that claimant suffered a heart attack which in the doctor’s opinion was caused by emotional stress, pain and worry because “he told me he was much concerned about his ability- to support his family because of his back injury.” Claimant’s own testimony on the point is ambiguous, relating primarily to fears and worries during and after his acute attack and hospitalization, rather than the brief period between the May 27th accident and his coma.
Under the particular circumstances reflected by this record, including the lack of objective evidence[1] linking claimant’s heart attack with his last compensable injury and the overwhelming evidence of other causative factors, we are unable to conclude that the above detailed testimony, upon which the award depends, is either substantial[2] in nature or that it accords with logic and reason.
The rule applicable in such situations is stated in this language:
“ * * * But when the question is whether compensability should be extended to a subsequent injury or aggravation related in some way to the primary injury, the rules that come into play are essentially based upon the concepts of 'direct and natural results,’ and of claimant’s own conduct as an independent intervening cause.
“The basic rule is that a subsequent injury, whether an aggravation of the original injury or a new and distinct injury, is compensable if -it is a direct and natural result of a compensable primary injury.” Larson, Workmen’s Compensation, Vol. I, Sec. 13.11.
We have also recognized the corollary principle that, as in the doctrine of proximate cause generally, the com- *326 pensable accident or injury need not be the sole cause but merely a “competent, accelerating or precipitating cause” of the second injury.[3] This language, however, is necessarily defined and limited by the requirement that the occurrence in question shall be a natural and direct result of the initial injury. While many emotional reactions and resulting disabilities following an injury may likely be found compensable[4] when there exists some reasonable relationship between the trauma and subsequent reaction, neither our statute nor cases appear to support the idea that disabilities caused solely by economic anxiety following an injury should be. covered. Some stress of that character may indeed be a natural consequence of any industrial injury. But the result, at least in the circumstances of this case, is indirect rather than direct. For this reason, as well as the illusory nature of evidence relied on to connect claimant’s heart attack with the requisite traumatic origin, we are unable to find an unbroken chain of causation for claimant’s heart disability.
Because of our disposition of the primary problem of causation, procedural issues raised by the petition need not be resolved. The record evidence and findings of the deputy appear, however, to sustain an award of compensation for permanent partial orthopedic disability, apportioned in accordance with the order of the commission. The order of the commission is therefore* quashed in part and the cause remanded with directions for further proceedings in compliance herewith.
THORNAL, C. J., and THOMAS, O’CONNELL and ERVIN, JJ., concur.
JOHNSON, District Court Judge, dissents.

. Cf. Sosenko v. Amer. Airmotive Corp., Fla.1963, 156 So.2d 489.

. “substantial * * * 2. Not seeming or imaginary; not illusive; real; true. 3.Having substance, or body; strong; stout; solid; firm. * * * ” ; and “considerable in amount, value, or worth. * * *» Webster’s Third New International Dictionary, and Webster’s Coll. Diet., 5tk ed.

. Note 1, supra.

. Moses v. R. H. Wright & Son, Inc., Fla. 1956, 90 So.2d 330; State ex rel. Florida Bar v. Davis, Fla.1962, 145 So.2d 735.