PER CURIAM.
This cause is here on petition of Harold Turk, respondent, to review the judgment of the Board of Governors of the Florida Bar that he be permanently disbarred from the practice of law.
The judgment of the Board of Governors which was entered on April 1, 1966, recites the findings of the appointed referee that the respondent had knowingly and willfully failed to file federal income tax returns for the years 1956 through 1960 and that he had knowingly and wrongfully converted $103,000 from an estate of which the respondent was executor, $30,000 of which had been restored by the respondent to various legatees. Though not recited in the judgment of the Board of Governors, the referee found that subsequent to 1963, the year during which respondent served as executor, his friends and family had raised some $80,000 which served as the source of the $30,000 used to satisfy all of the claims of the individual legatees, with the remainder being used to compromise certain charitable bequests.
The judgment of the Board recognized that the respondent was cooperative during these proceedings and further that most of the findings made by the referee are based upon the respondent’s admissions.
The primary question facing the Court in this matter is the nature of the penalty to be imposed upon the respondent. Under the provisions of Integration Rule 11.07(5), 32 F.S.A., disbarment is the most extreme penalty which can be imposed upon an errant member of the legal profession. Under the rule, a judgment of disbarment without qualification is to be construed to be for an indefinite period of time. In State ex rel. Florida Bar v. Dunham, Fla., 134 So.2d 1, we stated that disbarment is the most severe punishment which can be meted out to an attorney and “ * * * should be imposed only where the evidence shows that the possibility of restoration is unlikely or remote.”
More recently, in The Florida Bar v. Carlson, Fla., 183 So.2d 541, it was held that the judgment of permanent disbarment is warranted only where the conduct of a respondent indicates that he is beyond redemption. In Carlson, supra, we held that it had been well demonstrated that the respondent was beyond redemption. In the instant matter, there is no evidence tending to show that the respondent is beyond redemption or cannot or will not be rehabilitated. the gravity of the respondent’s conduct is not doubted, but that he is beyond redemption is a circumstance not shown in this record.
It is shown that the respondent has been under extensive psychiatric treatment, including hospitalization. The statements from physicians clearly indicate that he was suffering a mental disturbance. The record of this cause unmistakably reflects the respondent’s contrition, as well as his efforts *850 to right the wrongs for which he is responsible.
Accordingly, it is the order of this Court that the respondent, Harold Turk, be disbarred from the practice of law for a period of three years from the date of the judgment of the Board of Governors herein, and thereafter until the respondent demonstrates to the Board of Governors of the Florida Bar and to this Court that he has rehabilitated himself pursuant to Article XI of the Integration Rule of the Florida Bar, 32 F. S.A., and has made full restitution of the monies misappropriated by him or has obtained satisfactory releases for such funds from the persons entitled thereto.
CALDWELL, C. J., THOMAS, ROBERTS and O’CONNELL, JJ., and SPEC-TORy District Court Judge, concur.