PER CURIAM.
This cause comes before us on petition for reinstatement as a member in good standing of The Florida Bar filed by John Bond. The sole issue with which this Court is presently concerned is the procedure to be followed by Bond in seeking reinstatement, i.e., whether he must seek readmission to the Bar pursuant to present Rule 11.08(5), Integration Rule of The Florida Bar, which became effective December 1, 1972, and which would require that he retake The Florida Bar examination; or whether he may seek reinstatement pursuant to Rule 11.11, Integration Rule, 1871, 225 So.2d 881 (Fla.1969), which rule was in effect when he resigned and governed the procedure for subsequent reinstatement in which event, he would not be required to retake and successfully complete The Florida Bar examination.
In an opinion rendered by this Court on July 12, 1971, reported at 250 So.2d 274 (Fla.1971), Bond was allowed to resign from The Florida Bar for a period of not less than three years. This Court, therein, stated:
“It is the judgment of the Court that Respondent be permitted to resign from *447 the practice of law and membership in The Bar for three years, and thereafter until he shall have demonstrated to The Bar fitness to resume practice.” (e.s.)
This Court further found that restitution had been made of moneys, possession of which by Bond was the subject of complaints by The Florida Bar.
In his petition for reinstatement, Bond alleges that his petition is filed pursuant to Article XI of the Integration Rule of The Florida Bar as amended through June 24, 1969; that at the time he resigned as a member of The Bar, there were three (3) pending matters filed against him before The Florida Bar which he alleges were resolved to the satisfaction of The Bar and the complaining parties; that he has no criminal record nor have there been any charges of a criminal nature filed against him; that he is unaware of any outstanding civil judgments against him; that he acknowledges a present indebtedness to various creditors including The Internal Revenue Service. He urges that he is now fit to resume the practice of law.
Rule 11.11, Integration Rule, 1971, 225 So.2d 881 (Fla. 1969), provided in part:
“An attorney who has been disbarred other than by permanent disbarment, or whose resignation pending disciplinary proceedings has been accepted under conditions which allow reinstatement, may be reinstated to membership in The Florida Bar pursuant to this rule. The proceedings under this rule are not applicable to suspension for non-payment of dues.”
The Florida Bar, in its response to the petition for reinstatement, states that in 1972 this Court amended the Integration Rule to provide that, as in the case sub judice, where a lawyer resigns from The Florida Bar during the progress of disciplinary proceedings against him he may be again “ . . . admitted to the Bar upon full compliance with the rules and regulations governing admissions to the Bar. In such cases the Bar shall be given notice of the admission application and opportunity to furnish a statement opposing readmission.” (e.s.) Rule 11.08(5), Integration Rule. The Florida Bar declares that it and the Florida Board of Bar Examiners have interpreted the foregoing rule to require applicants, like petitioner, who apply for admission to the Bar to proceed through the Florida Board of Bar Examiners rather than by the method of reinstatement set forth in Rule 11.11 of the Integration Rule, which applies to “suspended” lawyers. The Florida Bar explicates that petitioner was permitted to resign from The Florida Bar in lieu of disciplinary proceedings on July 21, 1971; that the Integration Rule in effect at that time allowed one in petitioner’s position to apply for readmission to The Bar through the rule regulating reinstatements.
The present Rule 11.08 entitled “Resignation Pending Disciplinary Proceedings” [1] in effect at the time petitioner filed the instant petition, provides, in part:
“ (5) If resignation is accepted under this rule such resignation shall serve to dismiss all pending disciplinary cases and the resigned attorney may be again admitted to the Bar only upon full compliance with the rides and regulations governing admissions to the Bar. In such cases the Bar shall be given notice of the admission application and opportunity to furnish a statement opposing readmission.
“As amended effective June 30, 1969 (225 So.2d 881) ; as amended May 31, 1972, effective December 1, 1972 (262 So.2d 857).” (e.s.)
The procedures for reinstatement under Rule 11.11 were amended effective December 1, 1972, to eliminate reinstatement procedures for attorneys who had resigned or were disbarred.
*448 To give retroactive effect to Rule. 11.-08(5) which requires, inter alia, that one who has resigned from The Florida Bar may be again admitted to the Bar only upon full compliance with the rules and regulations regarding admissions, would be to increase the penalty imposed upon petitioner.
The present Rule 11.08(5) states that one whose resignation is accepted under this rule may be again admitted to the Bar only upon compliance with rules regarding admission to the Bar. However, petitioner’s resignation was not accepted under this rule but rather was accepted under Rule 11.08 effective June 20, 1969. Subsection (5) requiring one to follow readmission procedures was not a part of Rule 11.08 at the time of petitioner’s resignation. The amendment of Rule 11.08 to include sub-section (5) changes the effect of the rule. Present Rule 11.11, effective December 1, 1972, entitled “Reinstatement” now only applies to an attorney who has been suspended, while at the time petitioner resigned it applied to one who resigned pending disciplinary proceedings. Since petitioner did not resign pursuant to the new rule and, therefore, does not come within the language “If resignation is accepted under this rule . . . the rules regarding resignation and reinstatement in effect when this Court accepted petitioner’s resignation on July 12,- 1972, should apply sub judice. See Rassner v. Florida Bar, 301 So.2d 451 (1974).
We direct that the petition of John T. Bond for reinstatement be duly processed in the manner provided by the governing rules as above-stated and that a referee be appointed to hold an evidentiary hearing and make recommendation thereon.
Our decision herein on the eligibility of petitioner to seek reinstatement is in nowise intended to reflect any judgment on the merits, either directly or indirectly, for or against petitioner’s reinstatement.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.
OVERTON, J., dissents with opinion.

. Effective August 1, 1974, the underlined portion of the rule relating to full compliance with the rules and regulations governing admissions to the Bar has been deleted.