PER CURIAM.
This cause is before us on petition for reinstatement to The Florida Bar. On March 17, 1965, this Court issued an opinion in The Florida Bar v. Rassner, 172 So.2d 818 (Fla.1965), which held, among other things:
“This cause is before the Court on the petition of Monte K. Rassner, respondent, to review the judgment of the Board of Governors of The Florida Bar that he be permanently disbarred from the practice of law in Florida and pay the cost of the proceedings in the amount of $909.51. .
“It is ordered that the judgment of the Board of Governors of The Florida Bar, dated December 1, 1964, that the respondent be permanently disbarred from the practice of law in Florida and that he pay the costs of these proceedings in the amount of '$909.51 is approved and the same is adopted as the judgment of this Court.”
On February 18, 1972, The Florida Bar received a “Petition for Reinstatement” on behalf of the petitioner which ultimately resulted in this Court’s opinion filed July 26, 1972, in In Re Rassner, Fla., 265 So.2d 363, wherein we directed that:
. . the Petition of Monte K. Rass-ner for reinstatement be duly processed in the manner provided by the governing rules and that a referee be appointed to hold an evidentiary hearing and make recommendation thereon.” (Emphasis supplied.)
The duly appointed Referee entered his report in which he made the following recommendation :
“Referee hereby recommends that, upon his furnishing proper evidence of professional ability by taking and passing a Bar examination, the Petitioner, Monte K. Rassner be reinstated as a Member of the Florida Bar.”
This recommendation was based upon the following findings of fact:
“a. Petitioner has strictly complied with the conditions of his previous disbarment.
“b. There is uncontradicted evidence of unimpeachable character and moral standing in the Community of the Petitioner since his disbarment.
“c. There is evidence of a lack of malice and ill-feeling by the Petitioner toward the Florida Bar and those who by duty were compelled to bring about the proceedings by which he was disbarred.
“d. There are personal assurances of the Petitioner, supported by corroborating evidence, which reveal his repentance as well as his desire and intention to conduct himself in an exemplary fashion in the future.
“e. There has been restitution of all misappropriated funds held in Trust.
“f. No evidence was adduced and no finding is made as to the professional competence of the Petitioner to resume the practice of the law.”
On January 21, 1974, The Florida Bar filed with this Court its “recommendation of The Florida Bar Supporting Reinstatement,” which reads, in pertinent part:
“1. By his report of December 5, 1973, as amended on December 10, 1973, the referee in the above styled matter recommends reinstatement of the peti *453 tioner upon his successful passage of a Florida Bar examination. The referee also specifically recommends that petitioner be required to pay the costs incurred by the Bar as a prerequisite to admittance to the Florida Bar examination. The report and record are attached as Exhibit A to this recommendation. No statements in opposition to or in support of the petition were filed under the provisions of Integration Rule 11.11(9).
“2. On January 10, 1974, the Board of Governors of The Florida Bar approved the referee’s report and voted to support the petition for reinstatement upon the conditions mentioned.
“Wherefore, The Florida Bar prays that this Honorable Court enter its order reinstating the petitioner subject to the conditions that he pass the Florida bar examination and that, prior to his admittance to the examination, he pay the Bar $1,018.95 for the costs incurred in his reinstatement proceeding.” (Emphasis supplied.)
The petitioner, to the contrary, contends that he is exempt from having to take and successfully pass the Florida bar examination, thereby raising this issue for our determination.
Obviously, both the Referee and The Florida Bar are relying on the Integration Rules now in effect, rather than those applicable to this case, and failed to give due emphasis to our Court’s July 26, 1972 opinion in In Re Rassner, supra. This fails to take into account that a subsequent change in the governing rules relating to reinstatement is inapplicable to the petitioner’s case as hereinafter explained.
The decision of July 26, 1972 is the precursor of our final decision in the matter of Rassner’s reinstatement after the Referee held the evidentiary hearing and is the “law of the case”. It had reference to the governing rules existing at the time of that decision.
At the time of our decision reported in 265 So.2d 363, the Integration Rule (Reinstatement) 11.11(10) judgment provided:
“ . . . that if the Petitioner [for reinstatement] has been removed from membership in The Florida Bar for more than ten (10) years, the reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the judgment in the discretion of the Supreme Court, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of all examinations for admission to The Florida Bar subsequent to the entry of the judgment.”
The foregoing Rule became effective June 30, 1969, in the case of In Re The Florida Bar, 225 So.2d 881 (Fla.1969), and was in effect at the time of July 26, 1972 decision.
According to this Court’s original decision in 172 So.2d 818, Rassner was disbarred and removed from membership in the Bar on December 1, 1964. Obviously he has not been a nonmember of The Bar for a period of ten years, as the applicable rule required at the time he sought reinstatement.
The Integration Rules were later amended, effective December 1, 1972, in case of In Re The Florida Bar, 262 So.2d 857 (Fla.1972), to provide that a “suspension” for more than 3 years may require re-examination [Rule 11.11(10)] and that disbarment would make mandatory a re-examination [Rule 11.10(4)].
These amendments to the Integration Rules in 1972 cannot operate retroactively to affect Rassner’s rights for reinstatement, inasmuch as his petition. had long been filed and was acted on by us in our 265 So.2d 363 decision prior to the changes in the rules.
It would be unfair and contrary to due process and the general operation of recognized limitations to shorten the time from ten years to three years and make it apply *454 to petitions for reinstatement which are pending and being processed at the time of the changes in the rules, and particularly so where this Court has directed that a case be processed according to “governing rules” then in existence.
This Court has a duty to treat Rassner’s petition under the ten-year rule, which does not require him to take the Florida bar examination because his nonmember-ship in the Bar dates from December 1, 1964.
Accordingly, the recommendations of both the Referee and The Florida Bar for reinstatement are hereby approved without the requirement that the petitioner take the Florida bar examination.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and McCAIN, JJ., concur.
BOYD, J., dissents with opinion in which DEKLE, J., concurs in part and OVERTON, J., concurs.
DEKLE, J., concurs in part and dissents in part with opinion.