DEKLE, Justice.
We have before us the petition for reinstatement to The Florida Bar of Harold Turk, a member of The Florida Bar from December, 1938, until October 4, 1967, at which time he was disbarred for three years and until demonstration of rehabilitation. The order of disbarment by this Court reported at 202 So.2d 848 (Fla. 1967), recited:
“Accordingly, it is the order of this Court that the respondent, Harold Turk, be disbarred from the practice of law for a period of three years from the date of the judgment of the Board of Governors herein, and thereafter until the respondent demonstrates to the Board of Governors of the Florida Bar and to this Court that he has rehabilitated himself pursuant to Article XI of the Integration Rule of the Florida Bar, 32 F.S.A., and. has made full restitution of the monies misappropriated by him or has obtained satisfactory releases for such funds from the persons entitled thereto.” (at p. 850)
The issue now before us is the procedure to be followed by petitioner in seeking reinstatement — whether he must seek reinstatement pursuant to the present Rule 11.-10, Integration Rule of The Florida Bar, *163 which would require that petitioner successfully complete The Florida Bar Examination or whether he may seek reinstatement pursuant to Rule 11.10, Integration Rule, 1967, which was in effect when he resigned and which governed the procedure for subsequent reinstatement in which event he would not be required to retake and successfully complete The Florida Bar Examination.
Rule 11.10, Integration Rule, 1967, provided in part:
“Rule 11.10: Reinstatement
“Ah attorney who has been disbarred other than by permanent disbarment, or whose resignation pending disciplinary proceedings has been accepted under conditions which allow reinstatement, may be reinstated to membership in The Florida Bar pursuant to this rule. The proceedings under this rule are not applicable to suspension for non-payment of dues.
‡ ‡ ‡ ‡
“(10) Judgment by Board of Governors. After filing of said report, the Board of Governors shall review the petition, the findings and recommendations of the committee or referee and the record before such committee or referee and shall enter an appropriate judgment. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him in The Florida Bar; provided however, that the judgment may make such reinstatement conditional upon the payment of all or part of the costs of the proceeding, and upon the making of partial or complete restitution to parties harmed by the petitioner’s misconduct which led to the termination of his membership in The Florida Bar; and further provided, however, that if the petitioner has been removed from membership in The Florida Bar for more than ten (10) years, the reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the judgment in the discretion of the Board of Governors, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of all examinations for admission to The Florida Bar subsequent to the entry of the judgment. A copy of the judgment shall be forthwith served upon the petitioner.”
This Court has recently stated in The Florida Bar Re: John T. Bond, 301 So.2d 446 (Fla.1974), filed September 18, 1974:
“To give retroactive effect to Rule 11.-08(5) which requires, inter alia, that one who has resigned from The Florida Bar may be again admitted to the Bar only upon full compliance with the rules and regulations regarding admissions, would be to increase the penalty imposed upon petitioner.”
To give retroactive effect to amended Rule 11.10 requiring the taking of a bar examination before reinstatement would also be to increase the penalty imposed on Petitioner Turk. Accordingly, we direct that the petition of Harold Turk for reinstatement be duly processed in the manner provided by the rules in effect at the time of petitioner’s disbarment, quoted above. To the extent that State of Florida ex rel. Florida Bar v. Evans, 109 So.2d 881 (Fla.1959), may hold otherwise, the opinion in this present cause shall govern.
Our decision herein on the eligibility of petitioner to seek reinstatement is in nowise intended to reflect any judgment on the merits, either directly or indirectly, for or against petitioner’s reinstatement.
It is so ordered.
ADKINS, C. J., and ERVIN, BOYD and McCAIN, J J., concur.
OVERTON, J., dissents with opinion.