OVERTON, Justice
(dissenting).
I dissent. The issue presented is whether or not the disbarred petitioner is re *164 quired, under our rules, to retake and successfully complete the Florida Bar examination as a condition to reinstatement.
This Court, in its opinion dated October 4, 1967, directed that the petitioner, Turk, be:
“ . . . disbarred from the practice of law for a period of three years from the date of the judgment of the Board of Governors herein, and thereafter until the respondent [Turk] demonstrates to the Board of Governors of the Florida Bar and to this Court that he has rehabilitated himself pursuant to Article XI of the Integration Rule of the Florida Bar, 32 F.S.A., and has made full restitution of the monies misappropriated by him or has obtained satisfactory releases for such funds from the persons entitled thereto.” [Emphasis supplied] The Florida Bar v. Turk, 202 So. 2d 848, 850 (Fla.1967).
A petition for reinstatement is governed by the rules in effect at the time the original petition for reinstatement is filed. State ex rel. The Florida Bar v. Evans, 109 So.2d 881 (Fla.1959). The present rule governing reinstatement for a disbarred lawyer, which rule was in effect at the time the petitioner filed his application for reinstatement, is Rule 11.10(4), which provides as follows:
“Disbarment. A judgment of disbarment terminates the respondent’s status as a member of the Bar. A former member who has been disbarred may only be admitted again upon full compliance with the rules and regulations governing admissions to the Bar. Except as might be otherwise provided in these rules, no application for admission may be tendered within three years after the date of disbarment.” [Emphasis supplied]
This is the rule that should govern this situation.
Petitioner contends that present Rule 11.11, applying to suspended and resigned attorneys, governs his situation; he claims that the original order of disbarment entered by this Court was, in effect, an order of suspension. Rule 11.11 provides that the Supreme Court, in its discretion, may condition reinstatement upon successful completion of the Bar examination.
The distinction in the two rules is that a disbarred attorney is always required to take the Bar examination, while a suspended or resigned attorney is only required to do so upon specific direction by the Supreme Court.
In granting the petitioner his relief, the majority opinion chose not to adopt the petitioner’s contention but rather to recede from the unanimous 1959 opinion of this Court in The Florida Bar v. Evans, supra, and to apply the rule in effect at the time of his disbarment rather than the rule in effect at the time of the reinstatement application. A disbarred lawyer should have no standing or vested right in the means of his reinstatement, but that is what the majority opinion has now given him.
Clearly, the offenses for which the petitioner was disbarred were of a serious nature. Specifically, he was found to have knowingly and willfully failed to file federal income tax returns for the years 1956 through 1960, and to have knowingly and wrongfully converted $103,000.00 from an estate of which he was the executor, $30,000.00 of said sum having been restored by the petitioner at the time of the disbarment proceedings. Upon these facts this Court determined that punishment of disbarment was necessary, with the limitation against reinstatement for three years.