PER CURIAM.
We have for review the petition of Harold Turk for reinstatement to The Florida Bar, which reinstatement was recommended by the Referee and opposed here by the Bar. The background and prior law of the case appears in The Florida Bar v. Turk, 202 So.2d 848 (Fla.1967), in which the Court said:
“Accordingly, it is the order of this Court that the respondent, Harold Turk, be disbarred from the practice of law for a period of three years from the date of the judgment of the Board of Governors herein, and thereafter until the respondent demonstrates to the Board of Governors of the Florida Bar and to this Court that he has rehabilitated himself pursuant to Article XI of the Integration Rule of the Florida Bar, 32 F.S.A., and has made full restitution of the monies misappropriated by him or has obtained satisfactory releases for such funds from the persons entitled thereto.”
and in In Re The Florida Bar (Turk), 307 So.2d 162 (Fla.1975).
The period of three years has elapsed and Turk has obtained satisfactory releases from the injured persons as required in the judgment of disbarment and the only remaining question is that of his rehabilitation. On this issue, the Referee, appointed by this Court to hear the cause, heard the testimony, some of which was in conflict, and made his finding that Turk had rehabilitated himself and recommended reinstatement which finding is supported by competent evidence. We agree.
Accordingly, the findings of fact, opinion, and recommendation of the Referee are approved and the petitioner, Harold Turk, is hereby reinstated as a member of The Florida Bar.
It is so ordered.
OVERTON, C. J., and ROBERTS, BOYD and ENGLAND, JJ., concur.
HATCHETT, J., dissents.