PER CURIAM.
Sidney Efronson filed a petition for reinstatement in good standing in The Florida Bar pursuant to article XI, Rule 11.11 of the Florida Bar Integration Rule.
Petitioner was convicted of a felony under the laws of the United States and was sentenced to incarceration for a period of six months followed by probation for a period of five years. He was, of course, automatically suspended from the practice of law. The United States District Court, Southern District of Florida, terminated petitioner’s probation on February 16, 1979. Petitioner’s civil rights were restored on December 12, 1979.
At the hearing before the referee three attorneys, in addition to petitioner, testified in his behalf. They expressed the highest opinion of his honesty, integrity, and reputation as an attorney and in the community. They were “shocked at his conviction,” and recommended that petitioner be reinstated. Petitioner testified that he maintained a large law library and read the advance sheets as well as the session laws. An attorney testified that, from his personal observation, petitioner has kept up on developments in the law and that he would make a most worthy and credible member of the Bar should he be permitted to practice once again.
The record includes well over two hundred letters of recommendation from attorneys, former clients, community leaders, and friends. The attorneys, including former judges and attorneys with highly respected reputations, attested to petitioner’s reputation as a capable and competent attorney and as to his high standard of integrity and morality. Approximately fifty letters were from community leaders, former clients, businessmen, professionals, clergy and a United States Congressman.
The Florida Bar counsel pointed out the seriousness of the crime of which petitioner was convicted, but offered no adverse evidence, nor did The Florida Bar oppose reinstatement.
The referee concluded that petitioner has clearly met the burden of proof in establishing all of the elements applicable for reinstatement. We adopt the recommendations of the referee and grant the petition for reinstatement. Petitioner is hereby reinstated to The Florida Bar and is not required to take any examination.
Cost of these Proceedings in the amount of $324.14 is hereby taxed against petitioner.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.