PER CURIAM.
This Florida Bar proceeding is before the Court on the petition of Edwin L. Davis for reinstatement to the practice of law. The matter was tried before a referee, and both parties have petitioned for review of the referee’s report.
The referee found as follows:
1. Petitioner was suspended from the practice of law for one year by the Supreme Court of Florida on October 19, 1962, for failing to account for trust funds. Florida Bar v. Davis, 145 So.2d 735.
2. Petitioner was again suspended from the practice of law for one year by the Supreme Court of Florida on June 28, 1963, for wrongful conversion of money. Florida Bar v. Davis, 154 So.2d 820.
3. Petitioner was disbarred from the practice of law by the Supreme Court of Florida on October 30, 1964, for failure to discharge duties to his clients. Florida Bar v. Davis, 168 So.2d 314.
4. Since October, 1964, Petitioner has lived in Alabama and has worked as a law clerk or as a paralegal for a law firm *691 in Tuskegee and Montgomery under the supervision of Alabama lawyers.
5. Petitioner has conducted himself honorably in his vocation and his community since that time and has earned the respect of his family and community.
6. Petitioner has made all reasonable efforts to make restitution to former Florida clients, which efforts are continuing to the present day. There remains outstanding:
a. $98.00 due to Jacques Roher, a former client, whose whereabouts at present is unknown.
In addition, Petitioner owes personally two judgments which are unsatisfied because of doubt of the existence of the creditors:
b. $42.00 in favor of Broward County Title Co.
c. $90.00 in favor of Sun Finance Corp.
7. Petitioner acknowledges his past transgressions and is genuinely contrite for the troubles caused by his actions to his clients, the Florida Bar, his family and to himself.
The findings of fact are supported by the record.* The referee’s recommended conclusions are that respondent has rehabilitated himself and should be reinstated. We find that the criteria for reinstatement have been met and approve the recommendation.
The Florida Bar asks that reinstatement be conditioned upon successful completion of the bar examination. The referee concluded that this is unnecessary because the petitioner has maintained his competence in the law through employment as a law clerk. We conclude that it is appropriate that petitioner be required to pass the Florida (Part A) and Ethics (Multistate Professional Responsibility Examination) portions of The Florida Bar Examination as a condition precedent to his reinstatement, and we approve the conditions recommended by the referee.
Therefore, Edwin L. Davis is hereby reinstated to the practice of law subject to the conditions stated in the referee’s report. He must place $300.00 in escrow with The Florida Bar for the benefit of holders of outstanding claims against him for a period of ten years. He must continue to search diligently for the potential creditors referred to in the referee’s report. Additionally, petitioner must pass Part A and the Multistate Professional Responsibility Examination of The Florida Bar Examination. Finally, we assess The Florida Bar’s costs against him in the amount of $446.71, over and above the $150.00 already deposited.
It is so ordered.
SUNDBERG, C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.
ADKINS and BOYD, JJ., dissent with an opinion.

 We are advised that petitioner has paid the debts referred to in paragraphs 6(a) and (b) of the referee’s report. The creditor referred to in paragraph 6(c) is a dissolved corporation.