PER CURIAM.
Arthur A. Kimmel has petitioned for reinstatement to The Florida Bar. Petitioner was disbarred from the practice of law on November 30, 1960, for conversion of $18,-000 of his client’s property. State ex rel. The Florida Bar v. Kimmel, 124 So.2d 705 (Fla.1960). He first sought reinstatement in October of 1975. After proceedings before a referee and The Florida Bar Board of Governors, this Court issued the following order:
Upon consideration of the Recommendation of the Board of Governors of The Florida Bar, the petition of Arthur A. Kimmel for reinstatement to The Florida Bar is dismissed without prejudice to reapply after satisfactory completion of the Florida Bar Examination and full restitution is made.
Petitioner filed the present petition for reinstatement on November 10, 1980, in which he furnished evidence that restitution was complete, but in which he requested that this Court waive the bar examination requirement set forth in its previous order. The Florida Bar has moved that the petition for reinstatement be dismissed because petitioner has not passed the bar examination as required by this Court’s previous order. The referee recommended that the Bar’s motion to dismiss be granted.
Petitioner has not actively practiced law for over twenty years, and the record reflects that he has since been employed in a nonlegally related field. Under these circumstances, we find that the requirement of passing the Florida Bar examination is not an extreme requisite to reinstatement. Especially in cases for reinstatement, the public must be assured of a lawyer’s rehabilitation and continuing competency. The bar examination is but one indicator that a lawyer is still qualified to practice.
We reaffirm our previous order and grant the bar’s motion for dismissal without prejudice so that petitioner may re-petition after successful completion of the Florida Bar examination. We direct that execution issue against petitioner for the costs of these proceedings in the amount of $108.75.
It is so ordered.
ADKINS, Acting C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.