425 So.2d 531 (1982)
THE FLORIDA BAR.
In re Petition of Harris L. KIMBALL for Reinstatement.
No. 60831.
Supreme Court of Florida.
December 16, 1982.
Rehearing Denied February 7, 1983.
Louis M. Jepeway, Jr. of Jepeway & Jepeway, Miami, for petitioner.
John F. Harkness, Jr., Executive Director and Stanley A. Spring, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for The Florida Bar, respondent.
EHRLICH, Justice.
This cause is before the Court on a petition for reinstatement to The Florida Bar of Harris L. Kimball. We have jurisdiction. Art. V, § 15, Fla. Const.; Fla.Bar Integr. Rule, art. XI, Rules 11.09 and 11.11.
Petitioner was disbarred by this Court in 1957 for the commission of a homosexual act. See State ex rel. The Florida Bar v. Kimball, 96 So.2d 825 (Fla. 1957). Subsequently, he went to New York where, after passing that state's bar exam, he was admitted to the practice of law in 1974. In June 1981, petitioner sought reinstatement to The Florida Bar. A referee was appointed and a hearing was held in April 1982. The referee recommended that Kimball be readmitted to the Bar on the condition that he first take and pass The Florida Bar Examination. The Board of Governors voted to support the referee's recommendation. Kimball has filed a petition for review. The sole issue for review is whether this Court should order petitioner's reinstatement conditioned on passage of The Florida *532 Bar Examination as recommended by the referee. We approve the recommendation of the referee and hold that, as a prerequisite to readmission into The Florida Bar, petitioner must successfully pass the Florida Bar Examination.
An initial determination of which Florida Bar Integration Rule applies to this reinstatement proceeding is of manifest importance. Both petitioner and The Florida Bar assume that the 1957 rule, the rule in effect at the time of the original disbarment, applies to this petition for reinstatement. They cite The Florida Bar. In re Turk, 307 So.2d 162 (Fla. 1975); The Florida Bar. In re Rassner, 301 So.2d 451 (Fla. 1974); and The Florida Bar. In re Bond, 301 So.2d 446 (Fla. 1974), as support for their position. A close reading of those cases, as well as others, shows their position to be in error.
State ex rel. The Florida Bar v. Evans, 109 So.2d 881 (Fla. 1959), contains the original statement of the general rule that "[r]einstatement proceedings are governed by the rule in effect at the time application for reinstatement is made." 109 So.2d at 882. That basic rule has been noted in many subsequent decisions but not always clearly followed, and precise explanations have not always been proffered when the rule has been deviated from. An examination of the leading cases supports this.
John T. Bond was allowed to resign from The Florida Bar in 1971. The Florida Bar v. Bond, 250 So.2d 274 (Fla. 1971). This Court permitted his resignation "for three years, and thereafter until he shall have demonstrated to The Bar fitness to resume practice." 250 So.2d at 274. The issue in 1974 relating to his readmission was whether he had to seek readmission pursuant to the then-present rules (effective Dec. 1, 1972) or pursuant to the rules in effect when he resigned. The Florida Bar. In re Bond, 301 So.2d 446 (Fla. 1974). If the former, then he would be required to pass the bar examination; if the latter, he would not have to take the exam. Although this Court held that the rules in effect at the time of resignation applied, the reasoning was not that the old rules apply because an attorney comes back in under the old rules; rather, the old rules applied because this Court found that the new rule did not apply. The 1972 rules in force at the time of Bond's readmission application specifically provided that they would apply "[i]f resignation is accepted under this rule." In re The Florida Bar, 262 So.2d 857, 872 (Fla. 1972) (emphasis supplied). We clearly noted that "petitioner's resignation was not accepted under this rule but rather accepted under Rule 11.08 effective June 20, 1969." 301 So.2d at 448 (emphasis supplied). Thus, the Bond case is not authority for the proposition that a disbarred attorney is readmitted under the rules he was disbarred under.
Likewise, The Florida Bar. In re Rassner, 301 So.2d 451 (Fla. 1974), is inapposite. Rassner was permanently disbarred by this Court in 1965. The Florida Bar v. Rassner, 172 So.2d 818 (Fla. 1965). In 1972, he petitioned for readmittance and this Court declared that the petition "be duly processed in the manner provided by the governing rules." In re Rassner, 265 So.2d 363, 364 (Fla. 1972). In 1974, The Florida Bar supported the referee's recommendation that Rassner be admitted conditioned upon passing the bar examination. Between the 1972 opinion and the 1974 recommendation, the rules had been changed shortening from ten years to three years the period necessary before an applicant for readmittance would be required to retake the bar exam. We held that "[i]t would be unfair and contrary to due process and the general operation of recognized limitations to shorten the time from ten years to three years and make it apply to petitions for reinstatement which are pending." 301 So.2d at 453-54. We concluded that the rules in effect in 1972  the time of application  would apply, and not the later 1974 rules. We did not hold the 1965 rule, the year of disbarment, applicable.
At first glance, The Florida Bar. In re Turk, 307 So.2d 162 (Fla. 1975), may seem to be authority for petitioner's argument. It is not, however. Turk was temporarily disbarred by this Court in 1967 for three years and until demonstration of rehabilitation. *533 The Florida Bar v. Turk, 202 So.2d 848 (Fla. 1967). The rule in effect when he was disbarred stated that "[a]n attorney who has been disbarred other than by permanent disbarment ... may be reinstated to membership in The Florida Bar pursuant to this rule." In re The Florida Bar, 135 So.2d 715, 730 (Fla. 1961) (emphasis supplied). Because Turk had not been permanently disbarred, the rule in effect at the time of his severance from the Bar, since applicable, would control. In that case, the rule he went out under was applicable, by its very language. Turk was thus not required to take the bar exam.
Two recent cases inconsistent with the rule laid down in Evans require comment. In the first, The Florida Bar. In re Petition of Davis, 397 So.2d 690 (Fla. 1981), petitioner was disbarred in 1964 and applied for reinstatement in 1980. This Court conditioned his reinstatement upon completion of the Florida and Ethics portions of The Florida Bar Examination as per the 1964 rules. In the other case, The Florida Bar. In re Kimmel, 402 So.2d 388 (Fla. 1981), petitioner was disbarred in 1960 and sought reinstatement in 1975. We required him to take the full Florida Bar Examination, as per the 1960 rules. In both proceedings, the petitioner and The Florida Bar jointly misperceived the correct procedural rule. This Court in neither instance went behind the issues as framed by the parties and thus the question of which rule applied was not an issue. We now feel that the issue is squarely before us.
We interpret the above cases to mean that the Evans rule is still viable, but somewhat modified: that reinstatement proceedings are governed by the rules in effect at the time of application for reinstatement, unless the original discipline opinion otherwise provides or unless the rules at the time of disbarment otherwise provide. We readopt the Evans rule and disapprove those cases inconsistent therewith. It is the position of this Court that an attorney who has been permanently disbarred has "no standing or vested right in the means of his reinstatement." The Florida Bar. In re Turk, 307 So.2d at 164 (Overton, J., dissenting). "A judgment of disbarment terminates the respondent's status as a member of the Bar." Fla.Bar Integr.Rule, art. XI, Rule 11.10(5).
In Kimball's case, the original discipline opinion of this Court made no provisions for reinstatement. 96 So.2d at 825. Likewise, the 1957 disbarment rules did not provide that a disciplined attorney could return under those rules. Thus, Kimball must petition for readmission according to the rules in effect now. These say that "[a] former member who has been disbarred may only be admitted again upon full compliance with the rules and regulations governing admission to the Bar." Fla.Bar Integr. Rule, art. XI, Rule 11.10(5). These rules and regulations, of course, require passage of The Florida Bar Examination.
Given the procedural posture of the instant case (with both Kimball and The Florida Bar mistaken as to the proper rule), this Court finds that an analysis of the facts and arguments therein shows that Kimball would have been required to pass the bar examination even if the 1957 rules were applicable.
Petitioner argues that when he was disbarred in 1957, the rules in effect at that time contained no requirement that a disbarred attorney must successfully complete the Florida Bar Examination prior to his reinstatement. He further argues that to require the exam now would be an unconstitutional and impermissive increase of the penalty already imposed upon the attorney. This would, in effect, the argument continues, violate the Federal and Florida Constitutional prohibitions against ex post facto laws.
Petitioner is mistaken in his argument. The Florida Bar Integration Rule in effect in 1957 states, in part, that "[t]he Board shall make recommendations concerning the petition and shall file with the Clerk of this Court a certified copy of its recommendations, together with a transcript of the evidence and the other proceedings in the cause." Fla.Bar Integr.Rule, art. XI, Rule 5(i), Vol. 3, Fla. Stat. (1957) (emphasis supplied). *534 The rule does not contain any limitation on the Board's recommendations. Clearly, it is within the province of the Board of Governors to assure the competency of an individual seeking readmission into the bar. As we have stated elsewhere, "[e]specially in cases for reinstatement, the public must be assured of a lawyer's ... continuing competency. The bar examination is ... one indicator that a lawyer is still qualified to practice." The Florida Bar. In re Kimmel, 402 So.2d at 388.
Petitioner's ex post facto argument lacks merit because a new penalty is not being imposed for an old violation. The question is not whether today's rules are being retroactively applied to a 1957 disbarment but whether the 1957 rules permit the requirement of prior passage of the bar examination. Since petitioner's original disbarment order contained no language relative to the examination, the taking of the examination was not foreclosed by that document. In its recommendations that the bar exam be taken, the Board was acting within its authority. No ex post facto application of the law is therefore present.
The only remaining question is how much of the bar exam should be required of petitioner. After finding that "[t]he petitioner's knowledge of Florida law and procedures has been eroded considerably by the passage of time and nonuse," the referee recommended "passage of The Florida Bar Examination." The Florida Bar proposes that Kimball be required to take the full three-part exam. Kimball feels, at most, that he should take only the Florida portion of the exam. This Court, however, views this issue as now moot given our reaffirmation that the rules in effect at the time of the reinstatement petition apply. The present rules are crystal-clear, requiring "full compliance with the rules and regulations governing admission to the Bar." Fla.Bar Integr.Rule, art. XI, Rule 11.10(5) (emphasis supplied). What is mandated is the whole of the three-part exam. We would be remiss in our duty to protect the public, administer justice, and oversee the legal profession to require less.
Petitioner, Harris L. Kimball, will be reinstated to the practice of law in Florida subject to his passing The Florida Bar Examination. Costs of these proceedings in the amount of $266.87 are hereby assessed against petitioner.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.