PER CURIAM.
Samuel Essie Barket, Jr., having previously been a member of The Florida Bar who was suspended therefrom on January 7,1976, petitions for reinstatement to membership in good standing in The Florida Bar. A hearing was held before a referee who found Mr. Barket morally equipped to resume a position of honor and trust among the ethical practitioners at the bar. He also found, however, since Barket has been out of the practice of law for over six years and because the evidence falls far short of showing that Barket has kept abreast of the law and is equipped and professionally competent to practice law, that Barket’s readmission should be conditioned upon his successful completion of the Florida bar examination. Barket petitions for review on the issue of whether he must take the bar examination. The Florida Bar does not contest the finding that Barket is morally fit to again practice law, but insists that he should take and pass the bar examination.
Whether the requirement of one’s taking the bar examination should be a condition to being readmitted, when the suspension has continued over three years, is largely a judgment call.* The purpose of *752 a bar examination is to test one’s minimal competency to practice law. When a referee determines that one’s legal competency to return to the practice of law after a long suspension is not proved, it is proper to require, by testing, a demonstration of that competence. Because each petitioner is different, whether it is proper to require a successful passing of a bar examination as a condition for reinstatement must be considered on a case by case basis. No such requirement was found in The Florida Bar In re Efronson, 403 So.2d 1305 (1980), where Efronson had maintained a large law library, read advance sheets and session laws, and had positive third party testimony that he had kept up with developments in the law. In that case The Florida Bar did not urge examination. Nor did it do so in The Florida Bar In re Warren, 408 So.2d 223 (Fla.1981). The facts of Warren are not reported in the opinion, but it is represented that Warren had maintained a high degree of proficiency by working as a legal intern. In The Florida Bar In re Davis, 397 So.2d 690 (Fla.1981), this Court required a suspended lawyer who had been an active legal intern in Alabama to take the Florida and ethics parts of the examination even though the referee did not recommend it.
In this case Barket’s primary business during his suspension has been that of a home improvement contractor. While he has had some contact with attorneys, has occasionally read advance sheets, and has observed some trials, his association with the law has been much less than that of Efronson, Warren, or Davis. The referee’s finding that the evidence falls far short of showing that he has kept abreast of the law and is equipped and professionally competent to resume practice is supported by the record. We therefore adopt his report and recommendation. Accordingly, Samuel Essie Barket, Jr., may be reinstated as a member of The Florida Bar when he has successfully passed all portions of the Florida bar examination and has paid the costs accrued by the Bar prior to and as a condition of reinstatement. Costs in the amount of $1,059.17 are taxed against him now and are due and payable thirty days from the date this opinion is filed.
It is so ordered.
ALDERMAN, C.J., and BOYD, MCDONALD and EHRLICH, JJ., concur.

 Fla.Bar Integr.Rule, art. XI, Rule 11.11(9) reads as follows:
If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him in The Florida Bar; provided, however, that the judgment may make such reinstatement conditional upon the payment of all or parts of the costs of the proceeding, and upon the making of partial or complete restitution to parties harmed by the petitioner’s misconduct which led to the suspension of his membership in The Florida Bar; and further provided, however, that if suspension of petitioner has continued for more than *752 three years, the reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the judgment in the discretion of the Supreme Court, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of an examination for admission to The Florida Bar subsequent to the date of suspension.