WENTWORTH, Judge.
Appellant seeks review of an administrative order denying his Petition for Certification of Compliance, by which he requested that the Florida State Board of Funeral Directors and Embalmers certify that he had complied with all of the terms and conditions of a previous order. We affirm the Board’s denial of appellant’s petition, without prejudice to appellant’s right to seek reinstatement consistent with this opinion.
Appellant was involved in a series of disciplinary proceedings culminating in a 1977 administrative order by which his licenses to practice as a funeral director and embalmer were revoked. The order further provided that “a fine of $1,000 is imposed ... payable prior to application for reinstatement of licenses.” Further proceedings ensued, and in 1983, after paying the $1,000 fine, appellant filed a Petition for Certification of Compliance. Appellant argued that he had satisfied the only requirement of the revocation order by paying the fine imposed, and that he is therefore entitled to certification of compliance and reissuance of his license pursuant to § 470.036(3), Florida Statutes (1983). The Board denied appellant’s petition by an order finding that “the fine ... is not a condition for reinstatement but is an act to be performed prior to ... de novo reapplication for licensure.”
While § 470.036(3), Florida Statutes (1983), mandates reissuance of a license upon certification “that the disciplined licensee has complied with all of the terms and conditions” imposed by the Board, this provision was not yet enacted when appellant’s licenses were revoked in 1977. The applicable statute then effective was § 470.13(3), Florida Statutes (1977), which required only that the Board consider an application for reinstatement and “in its discretion determine whether the offense or conduct giving rise to the revocation in the first instance was of sufficient gravity to justify the denial of such application for reinstatement.” There was thus no statutory impetus in 1977 for the Board, when disciplining a licensee, to express any exclusive terms or conditions for reinstatement. We therefore conclude that in the present case the Board did not err in construing the fine imposed in 1977 as “an act to be performed prior to ... reapplication,”[1] rather than an exclusive condition for reinstatement, and accordingly denying appellant’s petition.
The order appealed is affirmed.
SMITH and WIGGINTON, JJ., concur.

. We express no opinion as to the propriety of the Board’s implicit suggestion that appellant make "de novo reapplication,” and we thus do not consider the extent to which such procedure may differ from an application for reinstatement pursuant to § 470.13(3), Florida Statutes (1977). But we note in this regard that it is generally indicated that reinstatement proceedings should be conducted pursuant to the law as it existed when the disciplinary action was taken. See In re Turk, 307 So.2d 162 (Fla.1975); In re Bond, 301 So.2d 446 (Fla.1974); 1982 Op. Att’y.Gen. Fla. 082-50 (July 18, 1982).