PER CURIAM.
This cause is before the Court on a petition by Dennis I. Holober for readmission to The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. We disapprove the referee’s rulings.
The proceedings below, as stated in the referee’s report, are as follows:
*1144 1. Dennis I. Holober resigned his membership in the Florida Bar on or about November 28, 1979.
2. Dennis I. Holober filed a Petition for Reinstatement to The Florida Bar on or about June 22, 1994.
3. The Florida Bar filed a Petition to Dismiss the Petition for Reinstatement on or about June 28, 1994.
4. Dennis I. Holober’s reinstatement proceedings are governed by the Rules Regulating The Florida Bar in effect at the time of his application for reinstatement, The Florida Bar re Kimball, 425 So.2d 531 (Fla.1983). More specifically, Dennis I. Holober’s application for readmission must be filed in compliance with Rule 3-7.9(a) of the Rules Regulating The Florida Bar, The Florida Bar re Kay, 576 So.2d 705 (Fla. 1991), which Rule was renumbered as Rule 3-7.10 in 1990.
5. Per Rule 3-7.10(a), Dennis I. Holo-ber must comply with the rules and regulations governing admission to the Bar in seeking reinstatement. Thus, readmission to The Florida Bar must be sought through the Florida Board of Bar Examiners.
6. The Florida Bar’s Motion to Dismiss Petition for Reinstatement is GRANTED.
7. Dennis I. Holober’s Petition for Reinstatement is DISMISSED.
Holober challenges the above rulings and argues that his readmission is governed by the former Florida Bar Integration Rule, article XI, rule 11.08(5), the rule in effect at the time of his resignation and that such rule does not require him to seek readmission through the Florida Board of Bar Examiners.[1] We agree.
Our decision in Florida Bar re Kimball, 425 So.2d 531 (Fla.1982), was premised upon State ex rel. Florida Bar v. Evans, 109 So.2d 881, 882 (Fla.1959), in which we stated that “[rjeinstatement proceedings are governed by the rule in effect at the time application for reinstatement is made.” Kimball modified the Evans rule to provide that
reinstatement proceedings are governed by the rules in effect at the time of application for reinstatement, unless the original discipline opinion otherwise provides or unless the rules at the time of disbarment otherwise provide.
425 So.2d at 533. In 1991 this Court, in Florida Bar re Kay, 576 So.2d 705, 705 n. * (Fla.1991), held in a footnote that “[h]ence-forth, all applications for readmission shall be filed pursuant to rule 3-7.9(a).”[2] The Kay footnote served to place members of the Bar on notice that readmission proceedings would henceforth be governed by rule 3-7.9(a), regardless of whether an attorney was disbarred, suspended, or resigned and regardless of when the attorney left the Bar.[3] Any other reading of the Kay footnote renders the final sentence meaningless.
Turning our attention to rule 3-7.10, the rule in effect at the time Holober filed his petition for reinstatement, it reads, in part, as follows:
A former member who has been disbarred or whose petition for disciplinary resignation has been accepted, pursuant to rule 3-7.12, may be admitted again only upon full compliance with the rules and regulations governing admission to the bar.
R. Regulating Fla. Bar 3-7.10(a) (emphasis added). Since Holober’s resignation was accepted pursuant to the former Florida Bar Integration Rule, article XI, rule 11.08(5), we find that rule 3-7.10 is by reason of its very *1145 language inapplicable. See Florida Bar re Bond, 301 So.2d 446, 448 (Fla.1974), in which we held that:
Since petitioner did not resign pursuant to the new rule and, therefore, does not come within the language “If resignation is accepted under this rule_,” the rules regarding resignation and reinstatement in effect when this Court accepted petitioner’s resignation on July 12, 1972, should apply sub judice.
As in Bond, Holober’s petition for reinstatement is governed by the rule in effect when his petition for disciplinary resignation was accepted. In Bond the rule itself showed its inapplicability. In the instant case, rule 3-7.10 specifically excludes a lawyer who did not submit his petition for disciplinary resignation pursuant to rule 3-7.12.
Since rule 3-7.10 is inapplicable, Holober’s petition for reinstatement is governed by article XI, rule 11.08(5) of the former Integration Rule, the rule in effect at the time of his resignation. As such, he need not seek readmission through the Florida Board of Bar Examiners. We disapprove the referee’s ruling and remand for proceedings on Holober’s petition for reinstatement.
It is so ordered.
SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
GRIMES, C.J., dissents with an opinion, in which OVERTON and HARDING, JJ., concur.

.Article XI, rale 11.08(5) of the former Florida Bar Integration Rule provided:
(5) If resignation is accepted under this rule such resignation shall serve to dismiss all pending disciplinary cases. The resigned attorney may be again admitted to the Bar upon application to and approval by the Board of Governors and upon full compliance with any conditions required by the judgment which granted the leave to resign. A rejection of such application may be reviewed by petition to the Supreme Court.

. The footnote says:
Because Kay resigned prior to the adoption of rale 3-7.9(a) of the Rules Regulating The Florida Bar, we permitted him to file for readmission with this Court and appointed a referee to make recommendations. Henceforth, all applications for readmission shall be filed pursuant to rale 3-7.9(a).

. Former rule 3-7.9(a) has been renumbered as rale 3-7.10(a).