PER CURIAM.
The Florida Bar filed a complaint against the respondent, Arthur A. Carlson, an attorney at law admitted to practice in the State of Florida, charging that the respondent was guilty of unprofessional conduct in commingling trust funds obtained from a client with his personal funds and with subsequently using the funds for his own purposes. By reason of these alleged acts, the respondent was charged with violation of Canon 11 of the Canons of Professional Ethics adopted by the Supreme Court of Florida, 31 F.S.A. Code of Ethics, Rule A, canon 11. A hearing on the complaint was duly held before a referee who, after taking evidence, found that the matters alleged in the complaint were true and that the respondent was guilty of unprofessional conduct. It was further found that the respondent had made restitution.
Thereafter, on February 13, 1961, the Board of Governors of The Florida Bar filed with the Clerk of this court its judgment in which the findings of fact made by the referee were approved and adopted. It was ordered that the respondent be suspended from the practice of law in Florida for a period of three months commencing on the date when this matter becomes final by order of this court. The judgment also assessed actual costs of the proceedings against the respondent in the sum of $85.23.
More than thirty days having now elapsed since the filing with the Clerk of this court of the judgment of the Board of Governors together with the transcript of the evidence and the other proceedings in the cause, and no petition for review of said judgment having been filed, and this court having duly considered the record and recommendations in said cause, it is ordered that the judgment of the Board of Governors of The Florida Bar that the respondent Arthur A. Carlson be suspended from the practice of law in Florida for a period of three months commencing with the date of this order and that he pay costs of this proceeding in the sum of $85.23, be and the same is hereby approved and adopted as the judgment of this court as provided by Article XI, Section 5(e) Integration Rule of The Florida Bar, 31 F.S.A.
Execution is hereby directed to issue for the costs assessed against the respondent.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS and DREW, JJ., concur.