PER CURIAM.
January 24, 1962, William C. Martin was appointed referee to take testimony and make report of his findings of law and fact with recommendations to the Board of Governors of The Florida Bar in State of Florida ex rel. The Florida Bar vs. Arthur A. Carlson.
September 5, 1962, complaint was filed against Arthur A. Carlson, a member of The Florida Bar, charging him with the violation of Canons 8, 21 and 22 of the Canons of Ethics, Rule B, adopted by the Supreme Court of Florida, 31 F.S.A. and Rules 27 and 30 of the Additional Rules Governing the Conduct for Attorneys in the State of Florida, 31 F.S.A. in that said Arthur A. Carlson agreed to undertake two separate judicial proceedings on behalf of a client, Veatrice Smith, one a suit for the adoption of a child, and the other a suit to change the client’s name. It was further alleged that although his attorney’s fees were paid in full, no action was taken on behalf of the client until after many months had elapsed and the matter was finally brought to the attention of The Florida Bar’s Grievance Committee. The complaint further charged that the respondent had repeatedly deceived and misled the client by advising that her legal matters were progressing when in reality the matters had not yet been filed in court.
On the charges so made, the referee took testimony and made the following findings and conclusions:
“FINDINGS
“1. Respondent failed ‘to be concise and direct’ in the disposition of the causes for which he was paid in that he failed to act diligently in filing and processing the adoption and change of name proceedings, contrary to Rule 21 of the Canons of Professional Ethics as Adopted by the Florida Supreme Court on December 6, 19SS, and further amended in November 17, 1958.
“2. Respondent is guilty of deceit and wilful misconduct in his profession, contrary to Rules 27 and 30 of Additional Rules Governing the Conduct of Attorneys in Florida, as Adopted by the Florida Supreme Court, on January 27, 1941, and December 6, 1955, in that respondent accepted compensation from his client, Veatrice Smith, to institute and bring to a conclusion actions for *690 adoption and change of name. However, respondent deceived and misled his client by giving her a purported final decree of adoption, when actually it was only an unsigned proposed decree.
“3. Further, respondent is guilty of misconduct in his profession in that he accepted compensation for bringing an action to have his client’s name changed, which he failed to do within a reasonable length of time without just cause after receiving his fee.
“CONCLUSIONS
“1. Respondent is guilty of violating Rule 21 of the Canons of Professional Ethics as Adopted by the Florida Supreme Court on December 6, 1955, and amended November 17, 1958.
“2. Respondent is guilty of violating Rules 27 and 30 of Additional Rules Governing the Conduct of Attorneys in Florida as Adopted by the Florida Supreme Court on January 27, 1941, and December 6, 1955.”
The referee recommended that respondent be publicly reprimanded, that he be suspended from the practice of law for six months and that the cost of these proceedings in the sum of $185.80 be assessed against him.
On review of the findings and recommendations of the referee, the Board of Governors concurred and ordered that respondent be suspended from the practice of law in Florida for a period of six months and that he shall be reinstated thereafter upon payment of the costs of the proceedings in the amount of $185.80.
The judgment of the Board of Governors of The Florida Bar is before us for review.
The record, the report of the referee and judgment of the Board of Governors have been examined by this court, pursuant to which it is ordered that the judgment of the Board of Governors, dated April 25, 1963, that respondent be suspended from the practice of law for a period of six months commencing on the day when this judgment shall become final, and that he shall pay all costs accruing therein, is hereby approved and the same is adopted in its entirety as the judgment of this court.
It is so ordered.
ROBERTS, C. J., and TERRELL, DREW, O’CONNELL and CALDWELL, JJ., concur.