O’CONNELL, Justice.
This cause is before us on the judgment of the Board of Governors of The Florida Bar permanently disbarring the respondent, Arthur A. Carlson, from the practice of law in this state.
The board’s judgment in this cause is unusual in that it is rendered upon the reports of two referees, each of whom heard a separate and unrelated charge of professional misconduct on the part of the respondent. One referee tried a complaint in which the respondent was charged with accepting a retainer and agreeing to institute bankruptcy proceedings on behalf of a Mr. Dulin and then failing to do so. The referee found that the respondent did accept such a retainer and agree to conduct such proceedings for the client; that he failed to act as agreed; that he failed to return the retainer fee to the client; and that respondent deceived the client in advising that the proceedings had been instituted and completed although such had not been done. This referee recommended that respondent be disbarred.
In the complaint tried by the other referee the respondent was charged with accepting a substantial retainer for handling probate proceedings of the estate of the deceased spouse of the client, Elizabeth H. Glazar, and then failing to institute such proceedings. The referee found that the respondent did accept funds from the client for prosecuting these proceedings; that he failed to act; and that he continually gave the client false reports of the progress of the non-existent probate proceedings. For this infraction the referee recommended that respondent be suspended from the practice for five years.
This cause is also unusual in that this is the fifth instance in which this respondent has been before this court for his professional misconduct. He has twice been suspended. State ex rel. The Florida Bar v. Carlson, 128 So.2d 385 and 154 So.2d 689. On two occasions he has been convicted of contempt of this court for practicing law during periods of suspension. The Florida *542 Bar v. Carlson, 164 So.2d 813 and 172 So.2d 578.
The record in this cause amply ■supports the findings and recommendations •of the referees and the judgment of the hoard. Judgment of permanent disbarment is warranted only where the conduct of a respondent indicates that he is beyond redemption. We think in respondent’s case this fact has been well demonstrated.
The respondent did not appear in the proceedings before the referees and he has filed no petition for review in this court. More than thirty days have elapsed since the filing in this court of the judgment of the board and the record in this cause.
After due consideration it is ordered that the judgment of the Board of Governors ■of The Florida Bar is approved and the respondent, Arthur A. Carlson, be and he is hereby permanently disbarred from the practice of law in this state. The respondent is ordered to pay the costs of this proceeding in amount of $144.24, for which let execution issue.
It is so ordered.
THOMAS, CALDWELL and ERVIN, JJ., concur.
THORNAL, C. J., concurs specially.