PER CURIAM.
Petitioner Monte K. Rassner, a former member of The Florida Bar, petitions this Court for reinstatement. He was a member of The Florida Bar from March, 1952 until March 17, 1965, when he was permanently disbarred by this Court for commingling funds. The Florida Bar v. Rassner, Fla.1965, 172 So.2d 818. At that time other disciplinary proceedings were pending against him; however, they were not prosecuted by The Bar because of the judgment of permanent disbarment.
Previously, Rassner had been suspended for six months and thereafter “until he has satisfactorily demonstrated that he is entitled to reinstatement.” The Florida Bar v. Rassner, Fla.1964, 161 So.2d 1. At that time, too, he had been found guilty of improper handling of trust funds.
Since the time of his disbarment Petitioner has been employed by the Dade County Board of Public Instruction as a teacher. He has a large number of debts, all of which are set forth in the Petition, which he incurred prior to disbarment. He states that he is attempting to repay them rather than resorting to bankruptcy. According to his Petition, he “has properly oriented himself and matured into a responsible and well-rounded person.” He apparently is now doing a great deal of youth work.
He states in his Petition for Reinstatement that he
“has kept himself intellectually prepared to practice law, has continued in-graduate and in-service studies at the University of Miami, and has a very strong desire and resolve to resume the practice of law and make a genuine contribution to the legal profession. The Petitioner is fit to resume the practice of law and his reinstatement will have no harmful or adverse effect on the administration of justice, the purities of the courts or the confidence of the public in the profession.”
We deny a motion of The Florida Bar contending that because Petitioner was permanently disbarred he is forever precluded from seeking reinstatement and being reinstated. It is our view that a former attorney, whether “permanently” disbarred or permitted to resign upon condition that he will never seek reinstatement is not thereby forever precluded at some future date from seeking reinstatement. To arbitrarily and immutably cut off the opportunity to seek reinstatement to the Bar, regardless of a subsequent demonstrated record of rehabilitation, good conduct and *364 clean living, is too harsh and unremitting. It is out of keeping with the Biblical philosophy that no one is altogether beyond redemption. It is also contrary to modern concepts concerning rehabilitation of persons convicted of crime and state parole and pardon policies.
See special comment of Mr. Justice Caldwell in The Florida Bar v. Sherr, Fla., 179 So.2d 337, at page 338.
We direct that the Petition of Monte K. Rassner for reinstatement be duly processed in the manner provided by the governing rules and that a referee be appointed to hold an evidentiary hearing and make recommendation thereon.
Our decision herein on the eligibility of Petitioner to seek reinstatement is in nowise intended to reflect any judgment on the merits, either directly or indirectly, for or against Petitioner’s reinstatement.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and McCAIN, JJ„ concur.
BOYD, J., concurs in part, dissents in part with opinion.
DEKLE, J., dissents with opinion.