342 So.2d 508 (1977)
THE FLORIDA BAR, Complainant,
v.
John B. MATTINGLY, Respondent.
No. 49639.
Supreme Court of Florida.
February 3, 1977.
*509 John P. McCoy, Bar Counsel, J. Lester Kaney, Asst. Bar Counsel, Daytona Beach and David G. McGunegle, Asst. Staff Counsel, Tallahassee, for complainant.
John R. Lawson, Jr., Tampa, and John Allan Radey, of Holland & Knight, Tallahassee, for respondent.
PER CURIAM.
John B. Mattingly, while a member of The Florida Bar and authorized to practice law in the state of Florida, was charged in an eight-count complaint with mishandling trust funds of his clients. The facts are not in dispute since Mattingly, by stipulation, admits having shortages in his client's trust account as of December 31, 1974, of $150,953.22. In addition to this sum, Mattingly owed one of his clients $117,900.00 in July, 1974, from funds which had been placed in his trust account in 1972 and 1973. The Bar's referee found Mattingly guilty of all eight counts in the complaint and recommended that he be permanently disbarred.
Mattingly does not quarrel with the referee's findings of fact; he concedes the accuracy of the findings, admits his responsibility for the transfers, and admits that the transfers were improper. However, he insists these irregularities arose due to an unsatisfactory bookkeeping system; that he was not willfully concealing anything from his clients; that his misleading statements were due to confusion not evil intent; and that his conduct in improperly handling the trust funds was not due to any willful or evil intent to defraud anyone. We have carefully reviewed the record in the case and find that there is sufficient evidence as to each count to sustain the referee's finding of guilt as to each count.
The only question that remains is whether permanent disbarment is a permissible discipline under the current integration rules of The Florida Bar. The current integration rule on discipline is Florida Bar Integration Rule, Article XI, Rule 11.10(4), adopted in 1972. In Re The Florida Bar, 262 So.2d 857 (Fla. 1972). That rule reads as follows:
A judgment of disbarment terminates the respondent's status as a member of the Bar. A former member who has been disbarred may only be admitted again upon full compliance with the rules and regulations governing admissions to the Bar. Except as might be otherwise provided in these rules, no application for admission may be tendered within three years after the date of disbarment.
In 1969 The Florida Bar Integration Rule 11.11 provided that, "An attorney who has been disbarred other than by permanent disbarment" could be reinstated to membership in The Florida Bar. In the revision of Rule 11.11 which took place on May 31, 1972, to become effective December 1, 1972, the drafters removed any reference to permanent disbarment. The latest pronouncement of this Court regarding the matter of permanent disbarment occurred in The Florida Bar and Rassner, 301 So.2d 451 (Fla. 1974). In that case a lawyer was "permanently disbarred" in 1965. The Florida Bar v. Rassner, 172 So.2d 818 (Fla. 1965). In 1972 Rassner, the "permanently disbarred" lawyer, petitioned for reinstatement a short time after Florida Integration Rule 11.11 had been revised to its present form. The notion that a lawyer could be permanently disbarred, without the possibility of reinstatement, was rejected by this Court in the second Rassner case even though Rassner's *510 disbarment had occurred at a time when the Integration Rules (Rule 11.11) seemed to authorize permanent disbarment.
We have considered the present rule in light of this Court's constitutional authority regarding lawyers set forth in Article V, Section 15, Constitution of the State of Florida, and hold that the present Florida Bar Integration Rule 11.10(4) does not authorize permanent disbarment in the sense that a disbarred lawyer may never petition for reinstatement.
We take this opportunity to point out that this holding does not apply where a member of The Florida Bar charged with misconduct enters into an agreement with The Florida Bar to resign from the Bar, and promises never to petition for reinstatement, in exchange for a dismissal of the charges of misconduct. In this situation the member of the Bar will be bound by the agreement he makes with The Florida Bar.
For the foregoing reasons, John B. Mattingly, is disbarred and costs are assessed against him in the sum of $4,141.23.
OVERTON, C.J., and BOYD and HATCHETT, JJ., concur.
ADKINS, J., concurs in result only.
DREW (Retired), J., concurs specially with an opinion with which ADKINS and BOYD, JJ., concur.
DREW, Justice (Ret.), concurring specially.
I concur in the foregoing decision with the following elaboration and explanation of my reasons for agreeing to the last paragraph of the decision relating to resignation.
An attorney may resign from the Bar only with the consent and approval of this Court. Where disbarment is the result of a trial on formal charges, the record in the proceedings becomes a permanent part of the official records of this Court. There are and could be instances where, after formal charges are filed, or even before an attorney may, in order to prevent a public exposure of his derelictions, offer to resign without leave to be reinstated, and the offer for one reason or another accepted, thereby cutting off a full investigation of the facts forming the basis of the charges. Such facts may not be subject to proof at a later date; witnesses may disappear or die, records may be destroyed or misplaced, and other events may occur which may make it most difficult or even impossible to support the original action by appropriate proofs. It is for these reasons I feel that a resignation voluntarily made containing a condition that the attorney shall never seek reinstatement should ordinarily be upheld. I must say, however, that I have grave reservations as to the power of this Court to bind a future Court vested with plenary power under the Constitution over admissions to the Bar.
ADKINS and BOYD, JJ., concur.