PER CURIAM.
In 1971 Leon H. Brush was permitted to resign from The Florida Bar pending disciplinary proceedings. His application for reinstatement has been rejected by the Bar’s Board of Governors. We are reviewing the rejection by his petition. Florida Bar Integration Rule, Article XI, Rule 11.08(5).
Brush’s law partners, in March of 1971, had reason to believe that Brush had misappropriated a substantial amount in funds from the law firm and its trust accounts. After the discovery, Brush petitioned this Court, pursuant to Rule 11.08 of the Rules, of Discipline in the Integration Rule, to allow him to resign without leave to petition for reinstatement. In simple terms, Brush asked that he be allowed to resign permanently. The Florida Bar supported Brush’s request, in part, because he had left the State and was living in Mexico. More importantly, it stated that the loss of the opportunity to discipline Brush and to expose fully his wrongdoing would not harm the public or the administration of justice. The Bar’s position was taken, almost certainly, in reliance on Brush’s representation that he would not seek reinstatement. The Court granted the petition and Brush’s name was stricken from the roll of attorneys in The Florida Bar.[1]
Four years later Brush filed an application for reinstatement with the Board of Governors of the Bar. In it, he conceded that he had resigned permanently but he stated it had not been his clear intent to do so. A hearing on the application was held before a referee. The referee, after applying the six elements to be considered in reinstatement cases,[2] recommended that the application be rejected. He reported that Brush failed to call any witnesses to support his good reputation for professional ability, that he did not submit evidence that he could conduct the practice of law in an exemplary fashion or that there was proof of full restitution of the misappropriated funds.[3] After reviewing the referee’s report and the record, the Board of Governors voted to reject the application for reinstatement.
Our review of the transcript of the hearing, the referee’s report and the rest of the record convinces us that sufficient evidence, under the traditional reinstatement burden which the applicant carries, has not been produced. Accordingly, we accept the recommendation of the referee and order that Brush be denied reinstatement.
There is an equally significant reason why Brush should not be reinstated. The Rules of Discipline of the Integration Rule[4] contemplate that an attorney who resigns pending disciplinary proceedings may apply for reinstatement. However, it was expressed in The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977), that when a member of the Bar resigns and promises not to seek reinstatement in exchange for dismissal of misconduct charges by the Bar, *1357 the member is bound by the agreement. The main policy for such a rule is protection of the public. A resignation of this kind, most often, curtails the Bar’s investigation. As a result the wrongdoing may never be fully exposed. And, the full extent of the threat the attorney posed to the public will not come to light when the promise is broken and reinstatement is sought.[5] The idea that the agreement is binding did not command a majority in Mattingly.[6] However, because of the potential harm to the public inherent in the halt of disciplinary proceedings which results from the acceptance of a resignation while those proceedings are pending, we today hold that a resigning member of the Bar will be bound by an agreement he makes with The Florida Bar not to seek reinstatement so long as it is freely and voluntarily made. Although this rule may appear harsh it is no harsher than binding a criminal defendant to a plea bargain he enters into freely and voluntarily. And in truth it is fairer to the public and the resigning lawyer to know in advance the consequences of such an agreement. The likelihood of improvidently entering into such a commitment should be reduced thereby.
Reinstatement is denied. Petitioner, within thirty days of this order, is to pay the costs of these proceedings in the sum of |87.95 above his $150.00 cost deposit.
It is so ordered.
OVERTON, C. J., and ENGLAND, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.

. In re Brush, 250 So.2d 853 (Fla.1971).

. See In re The Florida Bar (In re Timson), 301 So.2d 448 (Fla.1974); In re Dawson, 131 So.2d 472 (Fla.1961).

.Brush destroyed the firm’s records that could have shown what was necessary for full restitution. But, his former partners have accepted the restitution he has made as satisfaction for the loss.

.See Art. XI, Rule 11.08(5).

. For the practical problems presented by this situation see The Florida Bar v. Mattingly, supra, Drew, J. (concurring specially).

. A majority of the members of the Court who took part in Mattingly concurred in Justice Drew’s concern with the concept. See note 5, above.