BOYD, Justice,
concurring in part, dissenting in part.
I concur in the denial of petitioner’s application. But I cannot agree that those who resign pending disciplinary proceedings with a promise not to seek reinstatement should be forever barred from readmission.
For one, although it is appealing in theory, a rule that the promise is binding may, in the reality of application in the future, work a harshness that cannot be envisioned now. Certainly, it should be a rare case when readmission will be granted, and I would allow it only on a showing of exceptional circumstances which are not present here.
The present members of this Court do not have perpetual tenure in these offices. I disavow the idea that we have authority to lay down in case law a permanent rule which can restrict the power of a future Court to govern admissions to the Bar. The idea of the permanency of the rule has been questioned before. See The Florida Bar v. Mattingly, 342 So.2d 508, at 510 (Fla.1977), Drew, J. (concurring specially). In my mind, the opinion of the majority, as to the rule announced for the first time today, is not stare decisis.
I realize that acceptance of such resignations will usually prejudice the rights of the Bar and the public by making unavailable formal records of the alleged misconduct. This is the principal reason why, as a general rule, such applications should not be granted. But I think we should recognize that there may be. occasions when subsequent changes of circumstances, including availability of evidence, might favor readmission. This would be especially true if the resigned attorney had conducted himself in an exemplary manner for a long period subsequent to resignation.
Only in those exceptional cases in which justice and the interest of society would require readmission should this Court grant subsequent membership in The Florida Bar to lawyers who have resigned under a promise not to file for readmission to this Bar. Such a circumstance might occur if a former Florida practitioner develops a long and unblemished legal career in another jurisdiction.
*1358 If the biblical Prodigal Son * could gain forgiveness of his transgressions, this Court should not forever foreclose readmission of those attorneys resigning with a promise not to seek readmission.
ADKINS, J., concurs.

 Luke 15: 11-32 (Revised Standard Version).