PER CURIAM.
Under our authority to discipline attorneys provided for by Article V, Section 15 of the Florida Constitution, the Court has for consideration the respondent’s petition for permission to resign from The Florida Bar without eligibility to seek reinstatement.[1]
By this Court’s order of February 7,1978, the respondent was suspended from the practice of law for three years and thereafter until he could establish rehabilitation.
The respondent’s petition makes reference to his suspension, to a grievance committee report finding probable cause to complain of his failure to account to a client or proper authorities for $300,000, and to pending investigations by the Bar into ten other complaints against him. The petition also lists various civil actions that have been instituted against the respondent, and notes his convictions in five recent felony prosecutions.
In his petition to resign permanently the respondent acknowledges the ruling of this Court that, although the rule on resignation pending disciplinary proceedings contemplates that a resigning attorney may seek reinstatement,[2] he will be bound by an agreement not to do so.[3]
The Florida Bar in response submits that to grant the petition would not adversely affect the purity of the court system, hinder the administration of justice, or adversely affect the confidence of the public in the legal profession.[4]
Accordingly, it is adjudged that the respondent’s petition to resign from The Flor *406 ida Bar without eligibility for reinstatement is granted.
It is so ordered.
BOYD, Acting C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

. Fla.Bar Integr.Rule, art. XI, Rule 11.08.

. Fla.Bar Integr.Rule, art. XI, Rule 11.08(5).

. The Florida Bar, Re Leon H. Brush, 358 So.2d 1355 (Fla.1978).

. Fla.Bar Integr.Rule, art. XI, Rule 11.08(3).