PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Permanently, pursuant to Article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition for Leave to Resign sets out the following terms and conditions (Respondent referred to as “petitioner”):
1. Disciplinary history: Petitioner was privately reprimanded in 1973.
2. Pending disciplinary actions against the petitioner are as follows:
*207 a. The Florida Bar v. James B. Owens, Supreme Court case no. 58,860, presently pending in the Supreme Court on a Petition for Review by The Florida Bar. This involves allegations of fraudulent conduct in the sale of real property. The referee has recommended a six month suspension.
b. The Florida Bar v. James B. Owens, Supreme Court case no. 59,081, is now pending before a referee. There are three counts. Count one alleges conversion of funds belonging to an estate of which the petitioner was personal representative. Count two alleges conversion of funds of an estate for which the petitioner was attorney. Count three alleges conversion of funds from an estate for which the petitioner was personal representative and attorney.
c. A grievance committee has found probable cause and a Complaint is being prepared on additional seven allegation [sic] of misconduct. The first count will be Florida Bar case no. 06C80H50, alleging that petitioner received $4,429.37 in trust from his client, Rudolph Bruni, and improperly converted the funds to his own use. Count two will be Florida Bar case no. 06C80H58, alleging that petitioner converted to his own use approximately $31,000.00 from the estate of John W. Bohan while he was personal representative of that estate. Count three will be Florida Bar case no. 06C80H60, alleging that the petitioner converted approximately $20,000.00 to his own use from the estate of Fred T. Passler while personal representative for that estate. Count four will be Florida Bar case no. 06C80H64, alleging that the petitioner neglected a legal matter entrusted to him by a client, Mrs. Geraldine Johnson. Count five will be Florida Bar case no. 06C80H74, alleging that the petitioner converted in excess of $1,000.00 of money belonging to his client, Joseph D’Amaro, which he was to hold a trust. Count six will be Florida Bar case no. 06C80H84, alleging that the petitioner converted to his own use $500.00 from the estate of Willa S. Askren for which he was personal representative. The seventh count will allege that the respondent was paid $150.00 to perform legal services for the estate of Kader M. Pearce and, thereafter, failed to perform any services or refund the money.
3. Petitioner hereby waives confidentiality of this proceeding and all pending cases, pursuant to Fla. Bar Integr. Rule, art. XI, Rule 11.12(l)(a).
4. Petitioner agrees to cooperate fully with any investigations made in connection with the Client’s Security Funds of The Florida Bar.
5. Petitioner voluntarily submits this Petition to Resign Permanently, being aware of The Florida Bar, re: Leon H. Brush, 358 So.2d 1355 (Fla.1978), and understands that he will not be allowed to petition for reinstatement at a future date.
The Florida Bar having filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.-08(3) are fully satisfied, the Petition for Leave to Resign Permanently is hereby approved.
Pursuant to Article XI, Rule 11.08(5) of the Integration Rule of The Florida Bar, Case Nos. 58,860 and 59,081 are hereby dismissed.
It is so ordered.
BOYD, Acting C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.