PER CURIAM.
This matter is before the Court on Petitioner’s Petition for Leave to Resign Without Leave to Reapply, pursuant to Florida Bar Integration Rule, article XI, Rule 11.-08(2) and (6).
The Petition states:
“1. Petitioner is and at all times hereinafter mentioned was a member of The Florida Bar subject to the jurisdiction of the Supreme Court, The Florida Bar Code of Professional Responsibility, and The Florida Bar Integration Rule.
2. That on or about the 17th day of April, 1980, the Florida Supreme Court in Case No. 58,906 temporarily suspended Petitioner, James Edward Ferguson, Jr., from the practice of law pursuant to Florida Bar Integration Rule, article XI, Rule 11.10(6).
3. Petitioner, James Edward Ferguson, Jr., has retained counsel in this matter and is acting freely and voluntarily with the advice and assistance of counsel.
4. The following constitutes a statement of all past and pending record disciplinary actions and criminal proceedings in which Petitioner has been a defendant.
5. In The Florida Bar v. James Edward Ferguson, Jr., Case No. 20B80F16, it is alleged that:
a. In February of 1980, Petitioner, James Edward Ferguson, Jr. represented Ms. Lucille Dow in a real estate transaction wherein Ms. Dow was to purchase a condominium from a Mr. and Mrs. Ern E. Brown.
b. Ms. Dow, a client of Petitioner, James Edward Ferguson, Jr. deposited in trust with Mr. Ferguson the amount of $25,750.79 to purchase a condominium.
c. On or about February 21, 1980, Petitioner, James Edward Ferguson, Jr., tendered to the sellers, Mr. and Mrs. Brown, the amount of $25,706.59 which was drawn on Petitioner’s escrow account.
d. Mr. and Mrs. Brown received Petitioner’s escrow check in the amount of $25,-706.59.
e. On or about February 25, 1980, the Browns deposited Petitioner’s escrow account check drawn on Citizens National Bank of Naples, Florida, into the Exchange National Bank of Lee County, Fort Myers, Florida.
f. The check drawn on Petitioner’s escrow account in the amount of $25,706.59 was returned marked “insufficient funds”.
g. The Browns made unsuccessful attempts to contact Petitioner to determine the disposition of the funds due to them.
h. Petitioner failed to account for and deliver the funds to the Browns.
i. On or about March 14,1980, Petitioner executed a Waiver of Probable Cause Determination Hearing before a grievance committee of The Florida Bar pertaining to the above described matter.
j. Petitioner stipulated to a temporary suspension, and admitted that he had misappropriated client’s trust account funds in violation of The Florida Bar Integration Rule, article XI, Rule 11.12(A) and Disciplinary Rule 9-102(B).
6.In The Florida Bar v. James Edward Ferguson, Jr., Case No. 20B80F21, it is alleged that:
a. In August of 1979, Petitioner represented Mr. and Mrs. Jack H. Scott in a real estate transaction wherein Mr. and Mrs. Scott were the sellers of a certain piece of real estate.
b. As a result of the sale of said property, Mr. and Mrs. Scott were to receive approximately $39,924.71 in cash.
c. Petitioner placed the amount of $39,-924.71 into his escrow account at the Citizen’s National Bank of Naples, Florida.
d. On or about September 6, 1979, Petitioner delivered to Mr. and Mrs. Scott a check drawn on his escrow account in the amount of $39,924.71.
e. Mr. and Mrs. Scott deposited the check given to them by Petitioner. The check was returned for reason of insufficient funds.
f. Petitioner failed to properly account for and deliver in a timely manner funds he was required to hold for Mr. and Mrs. Scott in his trust account.
*748 g. On or about March 14, 1980, Petitioner executed a Waiver of Probable Cause Determination Hearing before a grievance committee of The Florida Bar pertaining to the above described matter.
h. Petitioner in his Waiver agreed and stipulated that the check drawn on his escrow account and delivered to Mr. and Mrs. Scott was returned for reason of insufficient funds and that on or about October 16, 1969, the funds due Mr. and Mrs. Scott were finally delivered to them, some 66 days after closing.
7. In The Florida Bar v. James Edward Ferguson, Jr., Case No. 20B79F15, it was alleged that:
a. In August of 1977 Petitioner was retained by the estate of William R. Nash to act as an ancillary personal representative.
b. Petitioner was requested to close out the estate and to rescind a contract entered into by the estate of William R. Nash.
c. Petitioner failed to close the estate of William R. Nash or rescind the contract the estate had entered into.
d. Based on the above recited facts, on October 26,1979, Twentieth Judicial Circuit Grievance Committee “B” found that there was Probable Cause for further disciplinary proceedings against Petitioner.
e. On April 29, 1980, the Board of Governors of The Florida Bar privately reprimanded Petitioner and Petitioner was ordered to pay costs.
f. The costs in this case in the amount of $100.00 have not been paid.
8. In The Florida Bar v. James Edward Ferguson, Jr., Case No. 20B80F29, it is alleged that:
a. On January 28, 1981, Twentieth Judicial Circuit Grievance Committee “B” found that there was Probable Cause for further disciplinary proceedings against Petitioner in Case No. 20B80F29 based on the following facts:
b. That William Holland III contracted with Petitioner for the sale of his home in Naples, Florida.
c. That William Holland III signed the contract for the sale of his home, but signed no other documents. William Holland III never signed the deed to convey his property, nor did he authorize Petitioner to sign the deed, although the deed prepared by Petitioner was recorded on March 7, 1980 in O.R. Book 858, Page 1759.
d. On February 14, 1980, Petitioner drew a check on his general account made payable to William Holland III in the amount of $32,000.
e. Mr. Holland negotiated the check with the Exchange National Bank of Montgomery, Alabama, which check was subsequently returned for insufficient funds.
f. Petitioner never satisfied the check and could not be located by William Holland III.
9. In The Florida Bar v. James Edward Ferguson, Jr., Case No. 20B80F36, it is alleged that:
a. On January 28, 1980, Twentieth Judicial Circuit Grievance Committee “B” found Probable Cause for further disciplinary proceedings against Petitioner in Case No. 20B80F36 on the following facts:
b. On December 15, 1979, Shelly J. Cheatham retained James Edward Ferguson, Jr., to represent her in a personal injury case resulting from an automobile accident.
c. As a result of the accident, there was an automobile property damage loss and the Crum and Forster Insurance Company issued a draft on February 19, 1980 made payable to Shelly Cheatham and J. Edward Ferguson in the amount of $1,634.54 for Ms. Cheatham’s property damage loss.
d. The draft was deposited by James Edward Ferguson, Jr., in his account on February 25,1980, with the endorsement of Shelly Cheatham, although Ms. Cheatham never signed the check nor did she authorize James Edward Ferguson, Jr., to sign her name to the check.
e. Ms. Cheatham made demand upon James Edward Ferguson, Jr., for the $1,634.53 reimbursement.
*749 f. James Edward Ferguson, Jr., never reimbursed Shelly Cheatham, nor has he responded to her demands.
10. In The State of Florida v. James Edward Ferguson, Jr., Case No. 80-793-CF—A-31-CTC in the Circuit Court in and for Collier County, Florida (pending) it is alleged that:
a. On February 22, 1980, James Edward Ferguson, Jr., obtained property in return for a worthless check contrary to Florida Statute § 832.05.
b. It is alleged that James Edward Ferguson, Jr., obtained a warranty deed from Timothy Haines by issuing a check in the amount of $25,706.59 which check was drawn on the escrow account of James Edward Ferguson, Jr. The check was returned for insufficient funds.
11. In The Florida Bar v. James Edward Ferguson, Jr., Case No. 20B81F18 (pending) it is alleged that:
a. James Edward Ferguson, Jr., was retained by Mr. and Mrs. Walter Murzyn to represent them in the purchase of real estate in Marco Island, Florida.
b. Mr. and Mrs. Murzyn mailed James Edward Ferguson, Jr., a certified check on April 24, 1980 in the amount of $4,687.33.
c. The closing on the property did not take place, and James Edward Ferguson, Jr., thereafter, has failed to mail the checks for closing or to answer telephone calls placed to him by Mr. and Mrs. Murzyn.
d. James Edward Ferguson, Jr., deposited the certified check in the amount of $4,687.33 in his escrow account, and failed to return the funds to the Murzyns.
12. Petitioner believes that the public interests will not be adversely affected by the granting of this petition and that permitting Petitioner to resign without leave to reapply will not adversely affect the purity of the Courts nor hinder the administration of justice nor the confidence of the public in the legal profession. In light of this Court’s opinion in The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977) that a disbarment may not be permanent, that Petitioner is consenting to the most serious discipline that can be imposed upon a member of The Florida Bar, that is, Petitioner is consenting to resign from The Florida Bar and never again be allowed to practice law in the State of Florida.
13. Petitioner understands that he would generally be liable for any costs incurred by The Florida Bar in prosecuting disciplinary proceedings against him. Therefore, the Petitioner is willing to reimburse The Florida Bar for the costs incurred to date in the disciplinary proceedings that are listed as pending in this petition.
14. Petitioner agrees to cooperate with any Client Security Fund investigation conducted by The Florida Bar and understands that he will remain personally liable to make restitution in the above described cases.
15. Petitioner is no longer actively engaged in the practice of law and is currently residing in the State of Georgia.
16. Petitioner has consulted counsel in this matter.
The Florida Bar having filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.-08(3) are fully satisfied, the Petition for Leave to Resign is hereby approved and it is ordered that:
1. Petitioner is granted leave to resign without leave to reapply;
2. Costs in the amount of $1,023.00 are taxed against Petitioner;
3. Petitioner is required to furnish to Staff Counsel of The Florida Bar an inventory of any pending files and a status report on each file; and
4. Petitioner is required to furnish a copy of this Court’s order granting his leave to resign to any of his clients, as well as an affidavit to Staff Counsel listing those clients to whom a copy was furnished.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.