PER CURIAM.
This disciplinary proceeding against attorney Herbert S. Blessing, III, is before the Court on the complaint of The Florida Bar and the report of the referee. The Florida Bar petitions for review of the recommended discipline and urges this Court to disbar respondent.
The report of the referee contains the following findings and recommendations:
II. Findings of Fact to Each Item of Misconduct of which the Respondent is charged: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
1. Case Number 12A79H41
At the final hearing, The Florida Bar voluntarily dropped this count.
2. Case Number 12A81H07
That respondent was signatory on St. Paul Title Insurance Corporation policies. Between July, 1979 and March, 1980, respondent failed to remit to St. Paul monies which he owed them as a percentage of premiums. Respondent has not yet paid to St. Paul the money owed them.
3. Case Number 12A80H27
Respondent represented Janice Baker in a home sale involving a wrap-around mortgage. Respondent on or about December 28, 1979, received a check in the amount of $52,158.74 on behalf of his client and placed it in his trust account. This check represented the satisfaction of a mortgage in favor of Manatee Federal Savings and Loan Association ($43,220.00) and a purchase money mortgage in favor of Janice Baker. Despite demands from his client that the money be disbursed, respondent failed to cause any of the money to be disbursed until February 19,1980 to Baker and to Manatee Federal on March 14, 1980.
4. Case Number 12A82H10
On August 25, 1980, respondent was retained to represent Mrs. Audrey *1276 Clutter in a divorce proceeding. After Mrs. Clutter’s husband’s attorney filed the Petition for Dissolution, respondent filed no responsive pleading, and the husband’s attorney filed a Motion for Default. Respondent filed a Motion to Set aside Default, but failed to file an answer or affidavit in support of this motion. He did not attend the hearing on the Motion, and the Motion to Set aside Default was denied. On February 10, 1981, a Dissolution of Marriage hearing was held in Miami, and respondent failed to attend, and failed to inform his client of the hearing. When Mrs. Clutter learned that the divorce hearing had been held and the divorce granted, she asked respondent to appeal the Final Judgment. He filed Notice of Appeal, but did not file an Appellate Brief until after the deadline for filing had expired. Mrs. Clutter’s case was dismissed on the same day the brief was filed and respondent failed to file a motion for rehearing.
5. Case Number 12A83H33
Respondent was designated signatory on Chicago Title Insurance Company policies. Between June, 1978, and April, 1980, respondent failed to remit to Chicago Title monies that were due the insurance company as a percentage of premiums. Some money which should have been remitted to Chicago Title was placed in respondent’s trust account, and at times this money was disbursed to respondent for his own personal use.
III. Recommendations as to whether the Respondent should be found guilty: I recommend that the respondent be found guilty, and specifically that he be found guilty of the following violations of the Code of Professional Responsibility:
Count I (12A81H07) — DR 1 — 102(A)(1), (3), (4), and (6).
Count II (12A80H27) — DR 9-102(b)(4); DR l-102(a)(6); Integration Rule, article XI, Rule 11.02(4).
Count III (12A82H10) — DR l-102(a)(l) and DR 6-10(a)(3).
Count IV (12A83H33) — DR l-102(a)(l), (5), (6) and Integration Rule, article XI, Rule 11.02(4).
IV. Recommendation as to Disciplinary Measures to be applied:
I recommend that respondent be suspended for a period of 180 days with automatic reinstatement at the end of that period of time. Further, I recommend that following respondent’s suspension and reinstatement, he be placed on probation for a period of four (4) years.
In arriving at the recommended discipline, the referee considered the following personal history and prior disciplinary record of the respondent:
(1) Age — 49
(2) Date admitted to Bar — November 23, 1964
(3) Prior discipline — None
(4) Mitigation — All of the respondent’s above grievances occurred at a time when he was suffering from acute alcoholism. He has undergone treatment and appears to be rehabilitated. He has no additional complaint filed against him.
Petitioner urges that respondent’s cumulative misconduct calls for the more severe discipline of disbarment, rather than that recommended by the referee. Respondent urges that the referee had before him the total circumstances and that the recommended discipline, 180 days of suspension with automatic reinstatement, and four years of probation, is properly based on the evidence and findings, particularly mitigation and the demonstrated rehabilitation of the respondent. The parties agree that the discipline awarded should protect the public from unscrupulous or incompetent attor--neys while affording the wayward lawyer a fair and reasonable opportunity for rehabilitation. In this respect, petitioner urges that disbarment is not permanent and that respondent may petition for reinstatement, showing his rehabilitation, after three years. The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977). Although petitioner is *1277 correct in this assertion, to follow it when there is an expectation of rehabilitation would needlessly blur the distinction between suspension and disbarment. The better view is one that we have often expressed in various formulations: *
[Disbarment is the extreme measure of discipline that can be imposed on any lawyer. It should be resorted to only in cases where the person charged has demonstrated an attitude or course of conduct that is wholly inconsistent with approved professional standards. To sustain disbarment there must be a showing that the person charged should never be at the bar. It should never be decreed where punishment less severe, such as reprimand, temporary suspension, or fine will accomplish the desired purpose.
The Florida Bar v. Moore, 194 So.2d 264, 271 (Fla.1966) (citation omitted).
Turning to the case at hand, we are not persuaded that respondent’s misconduct, serious though it is, rises to the level which merits disbarment. We are influenced by respondent’s cooperation with the bar investigation and by his efforts to rehabilitate himself, apparently with some success. Although he has not completed restitution to his clients, it appears that he has stabilized his financial condition and is continuing his efforts to resolve his obligations to his clients. Accordingly, we adopt, with modification, the referee’s recommended disciplinary penalty. Respondent Herbert S. Blessing, III, is suspended for a period of 180 days, effective December 12, 1983, with reinstatement contingent upon proof of rehabilitation, and placed on probation for a period of four years following suspension and reinstatement. Fla.Bar Integr.Rule, art. XI, Rule 11.09(3)(f). Costs are assessed against respondent in the amount of $2,262.30.
It is so ordered.
ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
ALDERMAN, C.J., concurs in part and dissents in part with an opinion.

 The Florida Bar v. Davis, 361 So.2d 159 (Fla.1978); The Florida Bar v. Dodd, 195 So.2d 204 (Fla.1967); The Florida Bar v. Carlson, 183 So.2d 541 (Fla.1966); The Florida Bar v. King, 174 So.2d 398 (Fla.1965); State ex rel. The Florida Bar v. Dunham, 134 So.2d 1 (Fla. 1961); State ex rel. The Florida Bar v. Ruskin, 126 So.2d 142 (Fla.1961); The Florida Bar, State ex rel. v. Murrell, 74 So.2d 221 (Fla.1954).