PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Without Leave to Reapply, pursuant to article XI, Rule 11.08 of the Integration Rule of the Florida Bar.
The Petition is conditioned upon acceptance by the Board of Governors of the following terms and conditions:
“1. [Respondent], Paul K. Silverman, is, and at all times hereinafter mentioned was, a member of the Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On July 13, 1981, [respondent] was suspended for three (3) months and one (1) day in the case The Florida Bar v. Silverman [400 So.2d 16] (Fla.1981). In that case, [respondent] pled guilty to representing two clients in a criminal case who had conflicting interests, failing to advance defenses or remedies available to one of such clients, and failing to prepare for trial in such case. [Respondent] has not sought reinstatement from such suspension and, therefore, currently stands suspended from the practice of law in Florida.
3. There is currently pending against [respondent] a disciplinary action, TFB *1026 Case Number 17F81F46, wherein it is alleged that [respondent] converted approximately $4,000.00 in trust funds belonging to the Estate of Angelo Giovan-niello, of which [respondent] was the personal representative, to his own use. A grievance committee found probable cause in such matter on September 20, 1983.
4. Upon knowledge and belief, there are no criminal proceedings currently pending against [respondent], [Respondent] has no past criminal history.
5. [Respondent] believes that the public interest will not be adversely affected by the granting of this petition and that permitting [respondent] to resign without leave to reapply will not adversely affect the purity of the Courts, nor hinder the administration of justice, nor the confidence of the public in the legal profession. In light of this Court’s opinion in The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977), that a disbarment may not be permanent, [respondent] understands that he is consenting to the most serious discipline that can be imposed upon a member of The Florida Bar.
6. [Respondent] understands that he would generally be liable for any costs incurred by The Florida Bar in prosecuting disciplinary proceedings against him. Therefore, the [respondent] is willing to have taxed against him the costs incurred by The Florida Bar to date in the disciplinary proceedings that are listed as pending in this petition.
7. [Respondent] agrees to cooperate with any Client Security Fund investigation conducted by The Florida Bar and understands that he will remain personally liable to make restitution in the above described cases.
8. [Respondent] is no longer actively engaged in the practice of law.
9. [Respondent] has retained counsel in this matter and is acting freely and voluntarily with the advice and assistance of counsel.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign Without Leave to Reapply on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Without Leave to Reapply is hereby approved.
Costs in the amount of $608.07 are hereby taxed against Respondent.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.