**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Charles H. SCHAFFNER, Respondent.**

Supreme Court of Kentucky.

May 22, 1986.

Bruce K. Davis, Director, Michael M. Hooper, Asst. Director, Frankfort, for complainant.

Steven R. Jaeger, Covington, Charles H. Schaffner, Park Hills, for respondent.

Charles H. Schaffner, pro se.

## OPINION AND ORDER

STEPHENS, Chief Justice.

Charles H. Schaffner was indicted in both Kentucky state and federal courts on charges of tampering with evidence and with influencing witnesses, for which he was also being investigated by the Kentucky Bar Association. The latter was also investigating two other matters as the result of complaints filed by two clients of Schaffner. During the pendency of the KBA investigation, and pursuant to several telephone conversations, Schaffner was offered two options concerning his license to practice law, viz., he might be temporarily suspended pursuant to SCR 3.165, which would then be set aside if he was ultimately successful at either trial or on appeal; or he could resign under SCR 3.480(3), in which instance he would be eligible to apply for reinstatement under the provisions of SCR 3.520, after five years had elapsed. In either alternative, if accepted, the investigation of all matters would terminate.

In June, 1984, Schaffner accepted the second alternative and filed his motion pursuant to SCR 3.480 that he be permitted to resign from the Kentucky Bar Association under the following terms:

(1) That he would not be permitted to practice law;

(2) That he would not file application for reinstatement for a period of five years;

(3) That the application for reinstatement would be governed by SCR 3.520; and

(4) That all charges pending before the KBA would be terminated.

The KBA filed its response to said motion, stating that it had no objection thereto, and on July 5, 1984, the court entered its order permitting the resignation under the aforesaid terms.

Schaffner was tried on two counts in his indictments. The trial in the state court resulted in a verdict of acquittal. The trial on the federal charge resulted in a guilty verdict, which was reversed on appeal to the United States Circuit Court of Appeals, Sixth Circuit. After the appellate reversal, the key witness recanted the testimony which he gave at trial, then recanted the second statement, so that the United States declined to prosecute again.

Charles H. Schaffner now moves this court to rescind or modify our order permitting him to resign under the terms thereof, and files with said motion numerous affidavits and letters attesting to his good character and general fitness for the practice of law, to which motion the Kentucky Bar Association files its response objecting.

There is no contention herein that the agreement made by the movant to be permitted to resign in order to terminate the investigation was not voluntarily made under the circumstances of this case. Indeed, at his sentence hearing after the conviction in the United States District Court, Schaffner utilized the fact that he had moved to be permitted to resign from the Kentucky Bar Association and was terminating his practice, in obvious attempt at clemency from the trial judge. To grant his requested violation of his agreement after the investigation is terminated, after several years have lapsed and after evidence has faded from memory, cannot be condoned by this court. Cf. *The Florida Bar v. Brush*, Fla., 358 So.2d 1355, 1356 (1978).

The motion to rescind or modify the order of this court is denied.

All concur except WINTERSHEIMER, J., who did not sit.

/s/ Robert F. Stephens
Robert F. Stephens
Chief Justice