OVERTON, Judge.
Lawrence H. Hipsh, Sr., petitions this Court for leave to seek readmission to The Florida Bar.[1] On September 5, 1984, this Court approved a circuit court order directing that Hipsh “be permanently disbarred from The Florida Bar without leave to apply for admission.” The Fla. Bar v. Hipsh, *312 No. 65,644 (Fla. Sept. 5, 1984). For the reasons expressed, we deny the petition.
The record reflects that in 1983 Hipsh was convicted in circuit court criminal proceedings of three counts of receiving stolen property. Hipsh then pleaded guilty to violations of the Code of Professional Responsibility in a circuit court lawyer disciplinary proceeding that was initiated as a result of the criminal convictions.[2] As noted, the circuit court entered an order permanently disbarring Hipsh. Hipsh petitioned for review of that order and challenged the permanency of the disbarment. Before this Court heard the case, Hipsh withdrew his petition for review and we approved the circuit court judgment. He now asserts that he withdrew his petition due to financial difficulties, emotional distress, and personal problems. Hipsh claims that he is entitled to seek readmission under the principles set forth by this Court in The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977), and In re Rassner, 265 So.2d 363 (Fla.1972).
The Florida Bar responds that permanent disbarment should be permanent without exception and that our subsequent modification of the lawyer disciplinary rules impliedly overruled both Rassner and Mat-tingly. We disagree with both Hipsh’s and the Bar’s positions.
It is necessary that we explain Rassner and Mattingly. In 1965, Rassner was permanently disbarred,[3] and, in 1972, he sought reinstatement based on his conduct subsequent to disbarment. In ruling on his petition, this Court stated:
We deny a motion of The Florida Bar contending that because Petitioner was permanently disbarred he is forever precluded from seeking reinstatement and being reinstated. It is our view that a former attorney, whether “permanently” disbarred or permitted to resign upon condition that he will never seek reinstatement is not thereby forever precluded at some future date from seeking reinstatement. To arbitrarily and immutably cut off the opportunity to seek reinstatement to the Bar, regardless of a subsequent demonstrated record of rehabilitation, good conduct and clean living, is too harsh and unremitting. It is out of keeping with the Biblical philosophy that no one is altogether beyond redemption. It is also contrary to modern concepts concerning rehabilitation of persons convicted of crime and state parole and pardon policies.
265 So.2d at 363-64 (emphasis added). Rassner was not reinstated in that cause but was granted leave to reapply. Proceedings were held in accordance with the existing rules and he was reinstated in 1974 upon the recommendation of the referee and The Florida Bar. In re Rassner, 301 So.2d 451 (Fla.1974).
In Mattingly, we explained Rassner and discussed whether permanent disbarment was a permitted discipline under the rules of discipline. We stated that the rules existing at that time did “not authorize permanent disbarment in the sense that a disbarred lawyer may never petition for reinstatement.” 342 So.2d at 510.
We also distinguished, in Mattingly, between a lawyer who had been permanently disbarred in a disciplinary proceeding and a lawyer who had entered into an agreement to resign from the Bar with the promise that he or she would not petition for reinstatement. Regarding resignation, this Court stated:
We take this opportunity to point out that this holding does not apply where a member of The Florida Bar charged with misconduct enters into an agreement with The Florida Bar to resign from the Bar, and promises never to petition for reinstatement, in exchange for a dismissal of the charges of misconduct. In this situation the member of the Bar will be bound by the agreement he makes with The Florida Bar.
Id. Justice Drew, in a specially concurring opinion, explained why a voluntary perma *313 nent resignation is different from a judicial determination of permanent disbarment. He also noted the limitation on the power of a court to bind a future court in exercising its authority under article V, section 15, of the Florida Constitution. He stated:
An attorney may resign from the Bar only with the consent and approval of this Court. Where disbarment is the result of a trial on formal charges, the record in the proceedings becomes a permanent part of the official records of this Court. There are and could be instances where, after formal charges are filed, or even before an attorney may, in order to prevent a public exposure of his derelictions, offer to resign without leave to be reinstated, and the offer for one reason or another accepted, thereby cutting off a full investigation of the facts forming the basis of the charges. Such facts may not be subject to proof at a later date; witnesses may disappear or die, records may be destroyed or misplaced, and other events may occur which may make it most difficult or even impossible to support the original action by appropriate proofs. It is for these reasons I feel that a resignation voluntarily made containing a condition that the attorney shall never seek reinstatement should ordinarily be upheld. I must say, however, that I have grave reservations as to the power of this Court to bind a future Court vested with plenary power under the Constitution over admissions to the Bar.
Id. (emphasis added) (Drew, J., concurring specially).
Presently, rule 3-5.1, Rules Regulating The Florida Bar, sets forth the types of discipline and, in subparagraph (f), describes disbarment as follows:
Disbarment. A judgment of disbarment terminates the respondent’s status as a member of the bar. A former member who has been disbarred may only be admitted again upon full compliance with the rules and regulations governing admission to the bar. Except as might be otherwise provided in these rules, no application for admission may be tendered within five (5) years after the date of disbarment or such longer period as the Court might determine in the disbarment order.
(Emphasis added.) Florida Bar Integration Rule, article XI, Rule 11.10(5), in effect at the time of Hipsh’s disbarment, allowed a lawyer to seek reinstatement after three years unless otherwise specified by the Court.
It is important to note the difference under our present rules between how a lawyer who has been suspended may be reinstated from how a lawyer who has been disbarred may be readmitted. Under the present rule,[4] a suspended lawyer must seek reinstatement by a process in which a referee acts as a fact-finder and then makes recommendations to the Court. A disbarred lawyer, however, must seek readmission to the Bar in the same manner as a law school graduate. The disbarred lawyer must apply for admission, take the bar examination, and be approved for character and fitness by the Florida Board of Bar Examiners. Furthermore, a disbarred lawyer cannot reapply for five years or for a longer period if specified in the disbarment order.
This Court has the authority to allow a permanently disbarred lawyer leave to reapply under its exclusive constitutional authority to regulate lawyer discipline and admissions.[5] However, it is important that we emphasize the procedural difference between a lawyer who has been disbarred and a lawyer who has been permanently disbarred under the present rules. The lawyer who has been disbarred has the right to seek readmission to The Florida Bar five years after the disbarment order, whereas a lawyer who has been permanently disbarred has no right to seek readmission until this Court grants leave to file such a petition under the principles set forth in Rassner.
*314 In Rassner, this Court granted the permanently disbarred lawyer leave to reapply because of a prima facie showing in his petition of subsequent good conduct and rehabilitation. Our granting leave to reapply, as we did in Rassner, does not mean the applicant is entitled to any favorable presumption in the readmission process. When we grant leave to apply for readmission, the disbarred lawyer is put in the same position as a lawyer who had been disbarred without the “permanent” designation.
We find, consistent with the principles of Rassner, that this Court has the discretionary authority to deny any permanently disbarred lawyer leave to reapply where the attorney’s conduct was so egregious that no readmission process should be allowed. On the other hand, we have the authority to grant leave to reapply, particularly in those cases where a permanently disbarred lawyer’s conduct is no different from the conduct of other lawyers who have been disbarred and the permanently disbarred lawyer is able to demonstrate subsequent rehabilitation that would justify this Court’s granting the permanently disbarred lawyer leave to apply for readmission. To avoid the problem of what is permanent disbarment in the future, this Court will diligently attempt to reserve the discipline of permanent disbarment for only the most egregious cases.
In the instant case, Hipsh’s principal justification for seeking readmission is that he withdrew his appeal and therefore lost his opportunity to challenge the permanency provision of his disbarment. Hipsh did not allege any specific subsequent good conduct or rehabilitation. Therefore, we find that the instant petition does not establish a basis for this Court to grant leave for Hipsh to apply for readmission to The Florida Bar.
Accordingly, we deny the petition without prejudice, to allow Hipsh to seek leave from this Court to petition for reinstatement in accordance with the principles set forth in this opinion.
It is so ordered.
SHAW, C.J., and GRIMES and HARDING, JJ., concur.
McDONALD, J., concurs in result only with an opinion.
BARKETT, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.

. We have jurisdiction. Art. V, § 15, Fla. Const.

. The circuit court disciplinary proceeding was under former rule 3-7.7, Rules Regulating The Florida Bar, now renumbered as rule 3-7.8.

. The Fla. Bar v. Rassner, 172 So.2d 818 (Fla.1965).

. Rule 3-7.10, R. Regulating Fla. Bar.

. Art. V, § 15, Fla. Const.