BARKETT, Judge,
concurring in part, dissenting in part.
I do not see any distinction between a disbarred lawyer and a permanently disbarred lawyer when both can be reinstated. Accordingly, I would eliminate the fictitious “permanent” disbarment category and simply disbar.
If the Court insists on maintaining this meaningless distinction, however, I would not require a preclearance by this Court to reapply. This Court is a reviewing court, not a fact-finding body. I believe the appropriate procedure would be to let The Florida Bar review all applications, taking into account the egregiousness of the original misconduct causing the disbarment. The Bar’s determination would then be reviewable here.
Finally, Hipsh should not be penalized for failing to appeal the permanency of his disbarment because of reliance on In re Rassner, 265 So.2d 363 (Fla.1972), and The Florida Bar v. Mattingly, 342 So.2d 508 (Fla.1977), which I think can fairly be read to permit reapplication. Thus, I would grant Hipsh’s petition to apply to the Bar, which would then review his application *315 and weigh the rehabilitation evidence against his earlier misconduct.
KOGAN, J., concurs.