[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 13, 1997, Steven J. Kliger of New Haven (the applicant) applied for readmission to the Bar of the State of Connecticut. The matter was first referred to the New Haven County Standing Committee on Recommendations for Admission to the Bar (hereinafter, Committee) for proceedings in accordance with Section 36 of the Connecticut Practice Book. The Committee, after considering the matter, filed a report with the court on June 13, 1997, recommending against the readmission of the applicant.
The Chief Justice appointed the undersigned three judges to constitute the panel of the Superior Court to determine whether the applicant should be readmitted. The panel conducted a hearing on September 11, 1997. The applicant appeared with counsel. The, panel received statement in support of his application. The Committee appeared by counsel in opposition. Statements were also received from, among others, counsel to the Statewide Grievance CT Page 8810 Committee.
Steven J. Kliger was admitted to the Bar of the State of Connecticut in 1978. In 1989, pursuant to Connecticut Practice Book § 35, he resigned from the Bar and waived his right ever to apply for readmission.
Practice Book § 35 provides:
Sec. 35. Resignation
 The superior court may, under the procedure provided herein, permit the resignation of an attorney whose conduct is the subject of investigation by a grievance panel, a reviewing committee or the statewide grievance committee or against whom a presentment for misconduct under Sec. 31 is pending.
 Such resignation shall be in writing, signed by the attorney, filed in quintuplicate with the clerk of the superior court in the judicial district in which the attorney resides. The clerk shall forthwith send one copy to the grievance panel, one copy to the statewide bar counsel, one copy to the state's attorney, and one copy to the standing committee on recommendations for admission to the bar. Such resignation shall not become effective until accepted by the court after hearing following a report by the statewide grievance committee that the investigation has been completed, unless the attorney seeking to resign shall, in his resignation, waive the privilege of applying for readmission to the bar at any future time.
The resignation and waiver were the subject of a Superior Court proceeding on May 1, 1989, in the Judicial District of Ansonia/Milford before the Hon. JoAnne Kulawiz. Mr. Kliger was represented by counsel and was canvassed by the court as to whether his resignation and waiver were knowing and voluntary. His resignation was then accepted by the court.
At the time of his resignation and waiver of reapplication, two grievance complaints were pending against him with the Statewide Grievance Committee. Because of his resignation, investigation of those two complaints was terminated and no further action was taken to determine whether misconduct had occurred. Thereafter an additional grievance complaint against CT Page 8811 him was received by the Statewide Grievance Committee but was returned to the complainant without investigation because of Mr. Kliger's resignation and waiver.
On June 21, 1990, Mr. Kliger pleaded guilty in United States District Court and was convicted of one count of misprision of a felony, 18 U.S.C. § 4, and three counts of aiding and abetting the making of a false financial statement to a federally insured bank, 18 U.S.C. § 1014 and 2. He was sentenced to a term of incarceration for eighteen months, followed by five years probation.
The Committee on Recommendations for Admission to the Bar asserts that the waiver of the applicant's right to apply for readmission to the bar is a threshold issue. The Committee recommends against readmission on the basis that such a waiver is binding on the applicant and that he is estopped from reapplying. The applicant argues that no resignation or disbarment is permanent, and that regardless of any such waiver the court should determine his current fitness to be a member of the bar.
The applicant relies on In re Application of Dimenstein,36 Conn. Sup. 41 (1979), for the proposition that no resignation or disbarment is "permanent." In that case, the court construed "the term `permanent' as meaning something less than irrevocable,"Id., at 46, rather to mean indefinite. See, In re Avcollie,43 Conn. Sup. 13, 16 (1993). It held that, in a reapplication after disbarment, the issue is solely the applicant's present fitness to be reinstated to membership in the bar.
In reaching its conclusions, the Dimenstein court looked to other jurisdictions holding that permanent disbarment does not preclude readmission, and in part relied on In Re Rassner,265 So.2d 363 (Fla. 1972). In Rassner the applicant had been permanently disbarred, and other disciplinary proceedings against him were dropped in light of the disbarment. The Court held:
 We deny a motion of the Florida Bar contending that because petition was permanently disbarred he is forever precluded from seeking reinstatement and being reinstated. It is our view that a former attorney, whether `permanently' disbarred or permitted to resign on condition that he will never seek reinstatement is not thereby forever precluded at some future date from seeking reinstatement. In Re Rassner, supra, 363. CT Page 8812
While Rassner indicated that resignations with waiver of the privilege to reapply would be treated like "permanent' disbarment for purposes of reapplication, the Supreme court of Florida revisited this issue in The Florida Bar v. Mattingly,342 So.2d 508 Fla. 1977). In Mattingly the Court explained Rassner and distinguished between lawyer who had been disbarred and a lawyer who entered into an agreement to resign from the Bar with the promise not to petition for reinstatement.
 We take this opportunity to point out that this holding does not apply where a member of The Florida Bar charged with misconduct enters into an agreement with The Florida Bar to resign from the Bar, and promises never to petition for reinstatement, in exchange for a dismissal of the charges of misconduct. In this situation the member of the Bar will be bound by the agreement he makes with The Florida Bar.
Id., at 510.
Pursuant to Practice Book § 35, an attorney may resign from the Bar only with the permission of the Court. In disbarment and in resignation proceedings a full investigation of the facts is presented to the Court. But resignations coupled with an offer to waive the privilege of applying for reinstatement present a different scenario. When an attorney faced with grievance charges offers to resign with a waiver, and the offer is accepted, a full investigation of the facts which support the charges is not made. In a later reinstatement application, the Bar, the Court and the public are prejudiced, as the underlying facts concerning the grievance may, by then, be difficult or impossible to prove. The applicant who previously waived the right to reapply is then in a better position to present his case on reapplication than one who resigned without a waiver and whose circumstances were the subject of a full investigation and report.
A complete hearing on the present fitness of the applicant cannot occur without reference to all the facts which gave rise to the resignation or disbarment. A knowing and intelligent waiver of the privilege of applying for readmission to the bar at any future time, under P.B. § 35, is binding and final once accepted by the Court.
The applicant has reaffirmed before this panel that his 1989 resignation and waiver was knowing and intelligent, and we so find. The waiver of reapplication is valid. The applicant is CT Page 8813 estopped from applying for readmission.
Accordingly, the application is denied.
Joseph A. Licari, Jr., Judge
Ronald J. Fracasse, Judge
Patty Jenkins Pittman, Judge